SARAH A. VANDECAR, Respondent, *v.* UNIVERSAL TRUST COMPANY, Appellant.

JOHN H. VANDECAR, Respondent, *v.* UNIVERSAL TRUST COMPANY, Appellant.

*Negligence — injury from the breaking of the rope supporting a dumbwaiter in an apartment house — proof that the same rope had previously broken and been repaired — the rule, had a new rope been substituted.*

In an action brought by a tenant of an apartment house against the owner thereof to recover damages for injuries sustained by the tenant in consequence of the breaking of a rope supporting a dumbwaiter in the apartment house, evidence that the rope in question had, to the knowledge of the agent of the defendant, broken several months prior to the time at which the plaintiff was injured and had been repaired is admissible, as such fact might properly be regarded by

the jury as a warning to the defendant that the condition of the rope was such as to require watchfulness and inspection to keep it safe for use.

*Semble*, that the rule would be otherwise had a new rope been put in instead of the old one having been repaired.

APPEAL by the Universal Trust Company, the defendant in each of the above-entitled actions, from a judgment of the Supreme Court in favor of the plaintiff in each action, entered in the office of the clerk of the county of Kings on the 18th day of January, 1902, upon the verdict of a jury, in the first action for $1,500, and in the second action for $200, and also an appeal by the defendant in each of the above-entitled actions, from an order entered in said clerk's office on the 19th day of February, 1902, denying the defendant's motion in each action for a new trial made upon the minutes.

*George M. Mackellar* [*Clarence Lexow* with him on the brief], for the appellant.

*Cyrus V. Washburn*, for the respondents.

WILLARD BARTLETT, J. :

These are two actions for negligence growing out of the fall of a dumbwaiter in an apartment house owned by the defendant. One is brought by the tenant who was injured and the other by her husband. The dumbwaiter was caused to fall by the breaking of the rope by which it was supported. The cases were tried together by consent. The accident which gave rise to the litigation occurred in September, 1900. A witness, Annie White, who was called in behalf of the plaintiffs, testified that she had formerly lived in the apartment house from August, 1896, to April, 1900 ; that while she was there two or three of the strands of the elevator rope broke ; that the rope gave out at the top where it was tied to the dumbwaiter ; that before it broke she told Mr. Linn, the secretary of the Universal Trust Company, of the condition of the rope ; that a man was sent to repair it, and repaired the strands that were broken. Objections were interposed to this testimony as it came in, and exceptions duly taken in behalf of the defendant, and after it was all in counsel for defendant moved to strike it out, which motion was denied and defendant excepted. It thus appears that proof

was received and allowed to remain in the case as to the previous existence of defects in the rope, all of which had been remedied after notice to the defendant's agent, and at least several months before the accident of which the plaintiffs complain; and it is earnestly contended that the reception of this evidence and the refusal to strike it out constitute reversible error.

I think that the admission and retention of this evidence in the case would be fatal to the judgments if it appeared that, after the break in the rope which Mrs. White describes, the defendant had substituted a wholly new rope for that which broke. Then the former occurrence would have had no possible relation to the breaking of the rope by which the dumbwaiter was allowed to fall and injure Mrs. Vandecar. We should in that event have the case of an accident due to the insufficiency of an entirely new part of the structure. But it seems to me that the fact that the very same rope which gave way and let the dumbwaiter fall on Mrs. Vandecar had previously given way so as to require repair in order to permit its continued use by the tenants, all of which facts were known to the agent of the defendant, might properly be regarded by the jury as a warning to the owner of the apartment house that the condition of the rope was such as to require watchfulness and inspection to keep it safe for use, so that the failure to take some precautions to insure its continued sufficiency might justify the imputation of negligence. For this reason I am of opinion that the evidence was admissible.

The proposition that Mrs. Vandecar was guilty of contributory negligence as matter of law is based upon the fact that when the elevator fell she was endeavoring to operate it from the cellar. This seems sufficiently answered by the testimony of the defendant's own janitor, who was in charge of the premises, by which it expressly appears that " the elevator was so arranged in the cellar that people delivering goods would come in there and use it. It was for the use of anybody coming into the cellar and wanting to send stuff up." The jury were certainly warranted in refusing to impute contributory negligence to a new tenant, such as Mrs. Vandecar was, for making use of the dumbwaiter just as strangers bringing supplies to the occupants of the building were expected by the owner to use it.

The proof is adequate to support the verdict; there was no substantial error committed upon the trial; and I, therefore, advise an affirmance.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

In each case judgment and order affirmed, with costs.