ROSEN v. POTTEBAUM.

(Supreme Court, Appellate Division, First Department.   June 28, 1912.)

LANDLORD AND TENANT (§ 169*)—DEFECTIVE APPLIANCES—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a landlord for injury to a tenant, caused by breaking of a rope on a dumb-waiter, evidence *held* to warrant a finding of negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

Appeal from Trial Term, New York County.

Action by Sadie Rosen against Charles Pottebaum. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted..

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

I. Gainsburg, of New York City, for appellant.

Leon N. Futter, of Brooklyn, for respondent.

MILLER, J. The action is for negligence. 'The plaintiff was injured by the breaking of the operating rope attached to a dumbwaiter used in common by different tenants in a tenement house owned by the defendant. The dumb-waiter was hung by a rope passing through a pulley at the top of the shaft and having a weight at the other end. Another rope, called the "operating rope," ran through a pulley at the top of the shaft, and by means of couplings was attached to the other rope. The plaintiff was pulling on the operating rope to raise the dumb-waiter, when that rope, with the coupling attached, fell, striking her upon the arm, and causing the injury complained of.

There is no question but that the defendant was in control and responsible for the condition of the dumb-waiter. While the evidence of negligence, apart from the occurrence itself, is slight, there is evidence that the dumb-waiter broke down two months before the accident, and that the ropes were repaired. The plaintiff's husband testified that in November (the accident happened on the 17th of December) he observed the condition of the rope, that it was thinner in some places than others, and that shreds had come out, especially where the couplings were. He says that he called the attention of the janitor to it. The plaintiff also testified that, on the 2d of December, she called the attention of the rent collector to the condition of the dumb-waiter, and that he promised to have it inspected.

We think that the evidence, slight as it was, when considered in connection with the circumstances of the accident itself, was sufficient to put the defendant to his proof. A rope in proper condition does not ordinarily break, unless subjected to a greater strain than was apparently put upon the rope in question, and, while it is unnecessary to go so far as to say that the rule res ipsa loquitur applies, the accident at least suggests a defective condition of the rope, and the only evidence in the case tends to confirm that suggestion.

. 'The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.