STEPHANIE E. KUREK et al., Respondents, v. PORT CHESTER HOUSING AUTHORITY, Appellant-Respondent, and JOHN A. LIAMMARI, Doing Business under the Name of WESTCHESTER METERED LAUNDRY SERVICE, Appellant.—

Plaintiffs were tenants in a multiple dwelling house which was one of a group of buildings owned and operated by defendant Housing Authority. In the basement of said house the defendant Liammari had installed, under contract with the Authority, four electrically driven laundry washing machines, besides other laundry equipment, for use of the tenants in the Authority's group of buildings. The contract provided that the machines were to remain the property of Liammari; that they were to be under his exclusive control and supervision; and that he was to maintain and service them so that they would "provide full, efficient, economical and safe service to the residents" of the buildings. The plaintiff wife was injured while using one of said machines to do her laundering. An entire laundry operation of the machine takes about 30 minutes, ending with a 3 to 4 minute spin of the revolving cylinder, at a pace of about five times as fast as the cylinder revolves during the preceding wash cycle. Here, after the machine had been in this terminal spin period for a substantial time, the cylinder stopped revolving, the machine's red light became lighted and its dial was turned to the "off" position (indicating completion of the entire operation). Thereupon, the plaintiff wife opened the door of the machine and proceeded to remove her articles from the cylinder. As she was removing the last item (a bedsheet), the cylinder again went into the fast spin. Her hand and arm were engaged by the sheet, which was then revolving with and inside the cylinder; and her hand and arm were twisted and pulled. As a result of the injuries which she sustained, one of her fingers had to be amputated. Evidence was adduced that the cause of the accident was a defective timer, a part of the machine. It was undisputed that prior to this occurrence repairs of defective conditions of the machine were regularly made as they appeared. There was no evidence that, at any time before, the machine, after ostensibly completing an entire operation with the dial reading "off" and the light coming on, had immediately thereafter started up again. There was evidence, however, that on one prior occasion about five or six months before the accident, this machine had stopped when part way through the wash cycle, and, after the

clothes were removed to be finished in another machine, started up again. This was not a sufficient circumstance to charge defendants with notice that the machine was likely to start again after it had ostensibly completed an entire operation, particularly since such single prior incident was remote in time. The complaint did not allege, as an act of negligence, the failure to equip the machine with a safety appliance to prevent the machine from operating with the door open, although plaintiffs' bills of particulars did. While there is evidence that defendant Liammari knew of the existence of such a safety device (on the market), there is no proof that he had such knowledge as far back as the time of the happening of the accident. The trial court did not instruct the jury that they could find in favor of plaintiffs on the specific ground that the failure to install such a safety device in the machine constituted negligence. Counsel for defendant Liammari requested a charge that Liammari was not under a legal duty to install a safety device, but the trial court indicated the request would be denied, and counsel excepted. This took place in the absence of the jury. In view of the lack of clarity with respect to the issues presented to the jury for their determination, a new trial is required in the interests of justice. Ughetta, Acting P. J., Christ and Rabin, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to affirm the judgment, with the following memorandum: The defendant Housing Authority was bound to exercise reasonable care in the maintenance of the washing machine as part of the services afforded by it to its tenants (*Herring* v. *Slattery & Bros.*, 291 N. Y. 794; *People* v. *Robertson*, 281 App. Div. 990; 2 Restatement, Torts, § 360; cf. *Rosen* v. *Pottebaum*, 151 App. Div. 713; *Vandecar* v. *Universal Trust Co.*, 80 App. Div. 274). Both defendants being in the position of lessors of a chattel (a coin operated washing machine), were obliged to exercise reasonable care in its maintenance and to disclose its actual condition to the tenants who, in addition to and independent of the rent for the apartments occupied by them, paid a fee for the use of the machine (2 Restatement, Torts, § 408; cf. *La Rocca* v. *Farrington*, 301 N. Y. 247). There was evidence produced at the trial that in a period from one year to a week prior to the accident the machine on many occasions: (1) had not operated after coins had been deposited, (2) had operated without the deposit of coins, and (3) had started operating when it was jarred; and that on one occasion it had stopped during a wash cycle, and had started again after the removal of clothes. There was evidence produced at the trial that such malfunctioning of the machine had been brought to the notice of both defendants. Further, there was evidence produced at the trial that a safety device was available whereby the machine could not be operated as long as its door was open, and that the defendant Liammari knew of the existence of such a device. The failure of the defendants to equip the machine with a safety device was alleged by the plaintiffs as a ground for negligence on the part of the defendants. From the record it is clear that this claim was tendered to the jury. Under these circumstances, we believe that the entire issue of the defendants' negligence was fairly submitted to the jury, and that by their verdict the issue was resolved in favor of the plaintiffs. We do not find the charge of the Trial Justice to be either unclear or incomplete.