## SPRAGUE *v.* BRISTOL.

In an action for injuries to a traveller on the highway, evidence that the plaintiff's agent had directed a farrier to shoe her horse, which she was driving at the time of the accident, so as to remedy the fault of stumbling, is admissible.

CASE, for injuries upon a highway. Trial by a referee, who returned a general finding for the defendants, with a statement of several exceptions taken by the plaintiff to his rulings at the trial, one of which was as follows:

The defendants claimed that the plaintiff's horse had the habit of stumbling, and that the accident was caused by his stumbling, and not by any defect in the highway. It appearing in fact that the plaintiff's husband was her agent for the purpose of getting the horse shod, and that the horse was shod as a stumbling horse, the defendants were permitted to put in evidence in connection therewith that on one occasion the plaintiff's husband directed the blacksmith to shoe the horse so as to prevent stumbling; and on another occasion, that he directed the blacksmith to pare the horse's hoofs down, because he was a "stumbling old cuss."

The other exceptions appear in the opinion of the court.

*Chase & Streeter, Bingham, Mitchells & Batchellor, K. E. Dearborn, Barnard & Barnard,* and *Pike & Parsons,* for the plaintiff.

*Fling & Chase* (with whom was *W. S. Ladd),* for the defendants.

CLARK, J. (1) The evidence tending to show that the witness had made statements inconsistent with his testimony at the trial, was competent and relevant as affecting the credit of the witness.

(2) There was no error of law in receiving evidence of the plaintiff's habit of driving in places similar to the place of the accident. *State* v. *Railroad,* 52 N. H. 528; *State* v. *Railroad,* 58 N. H. 410; *Plummer* v. *Ossipee,* 59 N. H. 55; *Aldrich* v. *Monroe,* 60 N. H. 118.

(3) Evidence that the plaintiff was driving rapidly before reaching the place of the accident tended directly to contradict her testimony that she drove slowly.

(4) Upon the question of the condition of the highway at the place of the accident, evidence that travellers had encountered no difficulty in passing was competent, as tending to show that the highway was suitable for the public travel.

(5) Upon the question whether the plaintiff's horse was a stumbler, and whether the plaintiff knew it, it was competent to show that the horse was shod as a stumbler; as it would be competent to show that he was shod in a peculiar manner to prevent interfering, if it were a question whether he was addicted to that fault.

It was also competent and material to show that the horse was shod as a stumbler by direction of the plaintiff, and for this purpose it was competent to show that it was done by direction of the plaintiff's agent, who was charged with the duty of getting the horse shod. "Whatever is done by an agent in reference to the business in which he is at the time employed, and within the scope of his authority, is said or done by the principal, and may be proved as well in a criminal as a civil case, in all respects, as if the principal were the actor and the speaker." *Cliquot's Champagne,* 3 Wall. 114; *Burnside* v. *G. T. Railway,* 47 N. H. 554. In this case the declarations of the agent were competent, not as admissions of the plaintiff, but as showing that the shoeing was by the direction of the plaintiff's agent, and that the direction was emphatic, and not a mere casual or frivolous remark; and the fact that the horse was shod as a stumbler by direction of the plaintiff's agent was an evidentiary fact, tending to prove that the horse was in fact a stumbler, and that the plaintiff knew it.

(6) This exception is frivolous. The plaintiff having inquired of the witness the price at which he sold the horse, could not object to the question's being answered correctly.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.