Hillsborough,
June, 1896.

VALLEY v. CONCORD & MONTREAL RAILROAD.

Evidence that a horse exhibited fear on approaching a pile of lumber by which it was alleged to have been frightened at an earlier hour on the same day, is competent as tending to show the cause of fright on the occasion in question, and also that the lumber was likely to frighten horses.

Evidence that after an accident the plaintiff was unable to wear clothing to which she had been accustomed is competent to show the extent of her injuries.

When a cross-examination suggests improper conduct on the part of a witness, the suggestion may be rebutted by evidence tending to show that it was without foundation.

One who negligently places near a public highway an object calculated to frighten horses lawfully driven thereon, or who negligently conducts his lawful business in such a manner as to frighten them, is liable for the consequences.

CASE. Trial by jury, and verdict for the plaintiff. The court, subject to exception, overruled a demurrer to the declaration, the allegations of which were, in substance, that the defendants " so negligently and carelessly placed, piled, and scattered about, close to " a public highway, certain planks, timbers, and lumber, that the plaintiff's horse, attached to a wagon, while she was lawfully driving it on the highway near the timbers and lumber, was thereby frightened and caused to run and upset the wagon, whereby the plaintiff was injured.

The accident occurred near a highway crossing, and the horse was afterward on the same day twice driven by the same place. The plaintiff's counsel in his opening stated that on approaching near the lumber the horse " became uneasy, excited, and pricked up her ears," and that on the first occasion " a person took her by the bridle and led her past the ties and planking, after which she was willing to go along and resumed her usual pace." To these statements the defendants excepted. Subsequently, the plaintiff, without objection, introduced evidence tending to show that the conduct of the horse was as stated by counsel.

Subject to exception, the plaintiff testified that she wore a Mother Hubbard dress the summer after the accident; that she could not bear clothing around her, or wear corsets; that she had worn them only twice since the accident, and always wore them before; that prior to the accident her clothes were suspended from her corsets, and since, by suspenders over her shoulders.

The plaintiff's evidence tended to show that for five years prior to the accident she was employed as housekeeper in the hotel of one Condon. She was cross-examined in respect to her relations with Condon, for the purpose, apparently, of showing that they were improper. On re-examination she was permitted, subject to exception, to state what persons composed Condon's family and employees, and to name some of his boarders.

A physician called to the plaintiff soon after the accident testified that he found her in bed ; that she was nervous and flinched under examination ; and, subject to exception, that he considered her hardly capable of making correct answers. Another physician testified that he examined the plaintiff and found the coccyx displaced, and, subject to exception, that if she were thrown from

a wagon and dragged feet first she might strike against something and fracture the coccyx; that if she were dragged by the hands there would be a possibility of striking against something and fracturing it; that it is pretty well protected, still a fall upon the back frequently fractures it.

The court declined to instruct the jury that if the ties and planks were outside the limits of the highway the defendants were not liable.

*Burnham, Brown & Warren* and *George W. Prescott,* for the plaintiff.

*Frank S. Streeter, Oliver E. Branch,* and *Joseph W. Fellows,* for the defendants.

CARPENTER, C. J.   The demurrer was properly overruled.  An allegation of due care on the part of the plaintiff, or that the lumber was within the limits of the highway, was not necessary. *Corey* v. *Bath,* 35 N. H. 530 ; *Gordon* v. *Railroad,* 58 N. H. 396.

The conduct of the plaintiff's horse after the accident and on the same day, on being driven by the pile of lumber, was competent evidence on the question of the cause of the accident.   It tended to show that the horse took fright at the lumber, and also that the lumber was likely to frighten horses.   *Darling* v. *Westmoreland,* 52 N. H. 401.   The remarks of the plaintiff's counsel on the subject in his opening statement were therefore unobjectionable.

The plaintiff's testimony regarding the kind of dress that she was obliged to wear after the accident was competent on the question of the extent of her injury.

The plaintiff's relations with Condon were not relevant to any issue in the case.   A suggestion or insinuation made by questions put upon cross-examination, or in any other manner, that their relations were illicit, could have been made for no purpose except to affect the weight of her testimony as a witness, or to prejudice the jury against her.   Whichever may have been the defendants' purpose, justice required that the plaintiff be permitted to rebut the suggestion by evidence tending to show that it was without foundation.   No ground of objection to the testimony of the physicians has been suggested, and none is perceived.

The instruction to the jury requested by the defendants was properly refused.   One who negligently places near a public highway an object calculated to frighten horses lawfully traveling thereon, or who negligently conducts his lawful business in such a manner as to frighten them, is liable for the consequences. *Gordon* v. *Railroad,* 58 N. H. 396 ; *Lewis* v. *Railroad,* 60 N. H.

187, 189; *House* v. *Metcalf*, 27 Conn. 631, 640; *Knight* v. *Company*, 38 Conn. 438.

*Exceptions overruled.*

CHASE and WALLACE, JJ., did not sit: the others concurred.