Belknap, }
Nov. 3, 1903. }

LEAVITT *v.* NEW ENGLAND TELEPHONE AND TELEGRAPH CO.

The admission of irrelevant evidence which has no prejudicial effect does not furnish sufficient cause for setting aside a verdict.

Remarks of counsel in closing argument are not objectionable if, as statements of fact, they are supported by evidence, and as erroneous conclusions of law they are deemed to have been corrected by proper instructions to the jury.

CASE, for negligence. Trial by jury and verdict for the defendants. Transferred from the November term, 1902, of the superior court by *Stone,* J.

The evidence tended to show that the defendants obtained permission or a license from the city council of Laconia to excavate through a portion of Main street, for the purpose of constructing underground conduits to connect with different buildings in the telephone service. In so doing, it was necessary for the defendants to cut through the sidewalk in front of Smith block, making an excavation about one and a half feet wide and several feet deep. After the conduit was constructed the defendants filled up the ditch, but did not replace the concrete. Davis, the superintendent of streets, notified the man in charge of the defendants' work that

the city would replace the concrete and insisted that the defendants should not do it.   There was evidence that some time in October or November prior to the plaintiff's injury in July, the city caused the sidewalk to be concreted at the place of excavation; that the defendants exercised no supervision over the work; that there was a circular depression of a few inches in the sidewalk where the concrete was relaid; and that the plaintiff, in passing over the sidewalk, stepped into the depression and fell, receiving the injuries for which she seeks to recover.

As tending to prove that they were relieved from all liability because of the fact that the city replaced the concrete at the point where the accident happened, the defendants on cross-examination of the city clerk, and subject to exception, introduced the bill of one Clark, showing that the city paid him $60 for concreting Court and Main streets, and also a bill of the city, showing that the defendants had paid the department of highways and bridges $36.35 for labor of repairing those streets and $60.90 for cash paid to Clark.   Subject to exception, the defendants' counsel read the petition for a license to lay wires, cables, and conduits in Court and Main streets, and also a bond of the defendants indemnifying the city for damage caused by such work and by digging up the streets for such purpose.   The defendants' counsel in closing argument read Clark's bill to the city, and said: " It has appeared here, gentlemen, that the work was done by Clark; that the concreting was done by L. D. Clark for the city of Laconia.   When stopped by Davis, our liability ceased."   To this the plaintiff excepted.

*Shannon & Young*, for the plaintiff.

*Jewett & Plummer*, for the defendants.

WALKER, J.   Presumably, the jury were correctly instructed in regard to the law applicable to the case, as no exception was taken to the charge.   If the evidence excepted to by the plaintiff was not relevant to the issue presented and tried by the jury under proper instructions, the verdict will not be disturbed unless it was also prejudicial.   *State* v. *Saidell*, 70 N. H., 174; *Marsh* v. *Insurance Co.*, 71 N. H. 253.   The plaintiff's claim was that the defendant, having dug up the street, was liable as a matter of law for injuries caused thereby, without regard to the fact that the city may have done a part of the work of filling up the trench.   If the court did not instruct the jury in accordance with this theory, it was the privilege of the plaintiff to protect his rights by an exception to the charge; not having done so, he cannot insist that reversible error was committed by the admission of evidence which upon that

theory was merely irrelevant. It does not appear how it could have been legally prejudicial to the plaintiff, since if it was irrelevant it was the duty of the court to so instruct the jury. If the exception relates to the form of the evidence, the ground of the objection should have been stated. *Bundy* v. *Hyde*, 50 N. H. 116,. 122; *Carter* v. *Beals*, 44 N. H. 408, 411.

The claim that the remarks of the defendant's counsel in argument furnish ground for setting aside the verdict is untenable. So far as they were statements of fact, they were supported by the evidence; and so far as they were statements of law, they must be held, if erroneous, to have been corrected by the instructions to the jury. *Mitchell* v. *Railroad*, 68 N. H. 96, 117.

*Exceptions overruled.*

All concurred.