Rockingham, }
Nov. 7, 1906. }

## BECKMAN v. HAMPTON & a.

Remarks of counsel in argument which contain statements of fact unsupported by the evidence, but which are not relevant to any issue in the case nor prejudicial in their effect, do not furnish cause for setting aside a verdict.

TRESPASS, for breaking and entering the plaintiff's close and destroying his buildings. Plea of soil and freehold as to the portion of the *locus* described as White's Rocks, and the general issue as to the remainder. Trial by jury. Verdict for the plaintiff as to that part of the *locus* described in the plea of soil and freehold, and not, guilty as to the remainder. Transferred from the October term,, 1905, of the superior court by *Stone*, J.

The location of the land was in dispute. The defendants; claimed that it was in Hampton and had never been granted by the town to any individual, and therefore the town owned it; while the plaintiff contended that it was not within the limits of Hampton as originally granted, and therefore the town did not own it. As tending to show that it was within the limits of Hampton, and for that purpose only, the defendants were permitted to show by the records of the Government of Massachusetts Bay and New England that leave was granted to Steven Bachelder and others to begin a plantation at Winnecunnett, and that subsequently Winnecunnett was allowed to be a town under the name of Hampton; and one French, a witness for the defendants, read from the records as follows: "The court grants that the petitioners, Mr. Steven Bachelder, Christo Hussey, Mary Hussey (13 other names), with divers others, shall have liberty to begin a plantation at Winnecunnett, and Mr. Bradstreet, Mr. Wentworth, Jr., and Mr. Rawson, or some two of them, are to assist in setting out the place of the town and apportioning the several quantity of land to each man, so as nothing shall be done without allowance from them or two of them. . . . Winnecunnett is allowed to be a town and hath power to choose a constable and other officers. . . . Winnecunnett shall be called Hampton."

In his closing argument the plaintiff's counsel made the following remarks, to which the defendants excepted, and the same were not withdrawn or changed: "When the plantation of Hampton was granted, it was granted to Steven Bachelder, Christopher Hussey, and others, as Mr. French has named them. The land belonged to those men as proprietors. The proprietary and the.

municipality were not the same thing. To be sure, they transacted business in the same meetings and kept their records in the same books until 1729, or some such date. The meetings of the municipality had to be in the town limits; the proprietary could hold their meetings anywhere. This land cannot belong to the municipality. If anything, it belongs to the proprietors and their heirs."

The court declined to instruct the jury, as requested by the plaintiff, that "the title to all lands in Hampton not granted to individuals is in the original proprietors and their heirs, and the town as a municipality has no title to such lands," and charged them as follows: "The town of Hampton is the owner of all lands within the limits of the town not granted to individuals, and owns the title as against everybody except those who can show a better title. The land is not held by the town for public uses, but is like land held by individuals for a private use."

*Arthur O. Fuller*, for the plaintiff.

*Eastman, Scammon & Gardner*, for the defendants.

BINGHAM, J.   The contention of the defendants is that the remarks of counsel for the plaintiff in his closing argument were not warranted by the evidence and were prejudicial. If the remarks complained of contained statements of fact not supported by the evidence, they were not relevant to any issue of fact tried in the case nor of a character to prejudice the jury against the defendants. In fact, they had no bearing upon the case except so far as they tended to support the conclusions of law sought to be drawn by the plaintiff's counsel, that the lands embraced within the limits of the town of Hampton belonged to the proprietors and their heirs and not to the municipality. But the court declined to charge the jury in accordance with this view of the law, and charged them that lands within the town of Hampton which had not been granted to individuals belonged to the town as against everybody, except those who could show a better title. The remarks not being prejudicial, the error was harmless. Verdicts are not set aside under such circumstances. *Wait* v. *Association*, 66 N. H. 581; *Sabine* v. *Merrill*, 67 N. H. 226; *State* v. *Saidell*, 70 N. H. 174; *Marsh* v. *Insurance Co.*, 71 N. H. 253, 256; *Leavitt* v. *Company*, 72 N. H. 290; *Parsons* v. *Wentworth*, 73 N. H. 122.

*Exception overruled.*

All concurred.