Merrimack, {
Feb. 2, 1909. {

### FISHER *v.* BOSTON & MAINE RAILROAD.

In an action to recover for injuries alleged to have been caused to a railway passenger by the improper construction of a station platform upon different levels, evidence that similar accidents happened to other persons from the same condition of the premises is competent.

In such action, whether the passenger ought to have recognized the danger and protected herself from injury, and whether the railroad company should have anticipated the possibility of accident and made some provision for directing the attention of the traveling public to the peculiar construction, are questions of fact for the determination of the jury.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1908, of the superior court by *Wallace*, C. J., on the defendants' exceptions to the denial of their motion for the direction of a verdict in their favor and to the admission of evidence.

The plaintiff's evidence tended to prove the following facts: In March, 1907, and for some years prior thereto, the defendants maintained for the use of passengers at Franklin Junction a station and adjacent platform located between the tracks of the Concord division and those of the Tilton branch. The platform on the north of the station extended fifty-two feet and was seventeen feet and ten inches wide. For a distance of seven feet and eight inches next to the tracks of the Concord division, the platform was about nineteen inches higher than the remaining portion next to the tracks of the Tilton branch, and two steps running the whole length of the platform connected the two levels.

On the morning of March 19, the plaintiff, who was sixty-three years old, alighted from a train which arrived at Franklin Junction over the Concord division and stopped opposite the northern part of the station. There were about thirty persons upon the platform at the time. In the midst of a group of pas-

sengers, the plaintiff started to walk diagonally across the platform to the Tilton train. Her view of the platform was somewhat obstructed by those about her. She neither looked for nor saw the steps, and was not aware of their presence. As she moved along the platform, she turned to look for her husband, who had remained longer upon the train and was following behind her, and as she took the next step she fell down the steps of the platform and received the injuries for which she sought to recover. She was not crowded nor interfered with by others.

There was considerable travel across the platform. During a period of a year and a half, about a dozen persons stepped from one level of the platform to the other without noticing that there were any steps there, but none of these cases resulted in a fall. Evidence of what other persons did and the result of their action was admitted, subject to the defendants' exception.

*Dudley & Lowe*, for the plaintiff.

*Mitchell, Foster & Lake*, for the defendants.

Parsons, C. J.　While common observation may teach that in going from one construction to another, as from a room into a hall in a building, a difference in level may be expected, and that steps may be encountered at the place provided for entry and egress (*Ware* v. *Society*, 181 Mass. 285), it cannot be said to be common knowledge that a change in level is usual in a single construction, as the floor of a hall or room, or a railroad platform. In the absence of evidence that the platform construction which occasioned the plaintiff's injury was in common use, it could be found that such construction was peculiar and unusual. Whether under the circumstances disclosed in evidence the plaintiff ought to have seen the danger thereby presented and protected herself, and whether the defendants ought to have anticipated the possibility of injury to passengers under such circumstances and have made some provision to call the change in level to the attention of persons using the platform in transit from one train to another, are pure questions of fact, upon each of which a conclusion favorable to the plaintiff is not so clearly unreasonable as to authorize the court to direct the jury to determine them in favor of the defendants.

The admission of evidence of what had happened to others in the use of the platform was not error of law, even if the evidence might properly have been excluded as matter of discretion. *Cook* v. *New Durham*, 64 N. H. 419. There is no difference in principle between the admissibility of experimental evidence in determining the horse-frightening capacity of a pile of lumber and its use in

this case upon the question of the accident-causing capacity of the platform. Such evidence is the foundation of the defendants' claim of freedom from fault because of the alleged long use of the platform without accident or inconvenience. *Lafflin* v. *Railroad*, 106 N. Y. 136; *Loftus* v. *Ferry Co.*, 84 N. Y. 455. The evidence was competent as a direct answer to this claim. While it did not appear that injury had resulted in any other case, the fact that persons "stepped off from one elevation to the other without noticing that there were any steps there" indicated the probability of injury to some one; and the instances were sufficiently numerous to authorize the conclusion that knowledge of them must have come to the defendants' employees.

*Exceptions overruled.*

All concurred.