Rockingham, ⎱
Dec. 7, 1926. ⎰

## HELENA PIECHUCK v. WALTER MAGUSIAK.

Whether a defendant is or is not insured against the liability charged is ordinarily inadmissible, and all reference to the subject should be excluded.

The admission of evidence which is wholly immaterial and prejudicial is reversible error when it appears that the jury may well have thought that they were authorized by the rulings of the court or otherwise to make an improper use . thereof.

The introduction of immaterial evidence which may or may not have been considered by the jury for a legally harmful purpose is ground for setting aside their verdict, although the evidence might have been used for a merely harmless purpose.

CASE, to recover damage for personal injuries alleged to have been caused by the defendant's negligent operation of an automobile. Trial by jury and verdict for the defendant.

Subject to exception, the defendant was permitted to testify that he had no liability insurance. Transferred by *Sawyer*, C. J.

*William H. Sleeper*, for the plaintiff.

*F. Clyde Keefe*, for the defendant.

PEASLEE, C. J. The authorities are practically unanimous in holding that a plaintiff will not be permitted to show, as an independent fact, that the defendant is insured against the liability the plaintiff seeks to establish. *Demars* v. *Company*, 67 N. H. 404; *Sawyer* v. *Company*, 90 Me. 369; *Cosselmon* v. *Dunfee*, 172 N. Y. 507; *Manley* v. *Company*, 76 Minn. 169; *Kerr* v. *Company*, 155 Mich. 191.

Indemnity insurance is now very generally carried, and the fact is matter of common knowledge. By the improper use of such knowledge, a jury might infer, in the absence of evidence upon the question, that the defendant was insured. Having drawn this improper inference, they might continue their erroneous course by concluding from such a premise that a verdict ought to be returned for the plaintiff. This latter conclusion might be arrived at by a conscious process of reasoning, or by the unappreciated influence of the prejudice which may exist against such a corporation.

It may be urged that the evidence which was received subject to exception merely tended to prevent such improper course of procedure, and that since this was its only effect its admission could work no legal harm to the plaintiff. One difficulty with this argument is that it does not appear that the jury may not have made other use of the fact. They may have thought that it would be too bad to make an uninsured man pay. The evidence is a form of the inadmissible plea of poverty. Having been objected to and having been ruled in, the jury were given to understand that they were to use it for some purpose. "The fact that the incompetent testimony is laid before the jury under favorable rulings by the court, . . . .tends to increase rather than diminish its prejudicial effect." *Cooper* v. *Hopkins*, 70 N. H. 271, 278.

The evidence was potent to "excite prejudices, or raise false impressions." *Tucker* v. *Peaslee*, 36 N. H. 167, 180; *Winkley* v. *Foye*, 28 N. H. 513, 519. See also *Winship* v. *Enfield*, 42 N. H. 197, 212. The admission of evidence which is wholly immaterial is ground for setting aside a verdict when it appears that the jury may well have thought that they were authorized to make an improper use of it. *Bushman* v. *Stearns*, 76 N. H. 568.

The rule that the admission of incompetent evidence is not cause for setting aside a verdict when "the only effect the evidence could have had was to defeat an inference which could not have been drawn if the evidence had been excluded" (*Page* v. *Hazelton*, 74 N. H. 252, 254) is not applicable here. As before suggested, the evidence may have been used not merely to rebut the illegal inference of insurance but also to create sympathy for the uninsured defendant. If the latter use was made, the plaintiff was deprived of a proper consideration of her claim.

It is not like the case of evidence admissible for one purpose but not for another. In such a situation as that, the complaining party must protect his rights by asking for instructions limiting the use of the evidence. *State* v. *Travis*, *ante*, 220, 221, and cases cited. But as this evidence had no legitimate use the plaintiff was not bound to seek an instruction limiting its use to negativing possible illegal conduct of the jury. Not being competent for any purpose, she was not bound to ask that it be directed to a harmless incompetent use. Her objection to its admission is based upon a sound legal proposition, and her exception fully protects her rights.

As the case stands, immaterial evidence, which may or may not have been used for a legally harmful purpose, was put before the jury for their consideration. In such a situation the verdict must be set aside. That incompetent evidence may be used for a harmless purpose does not render its admission harmless error when the evidence is also susceptible of a legally harmful use.

The correct procedure is to exclude all reference to insurance at these trials. The fact of insurance may incidentally and unavoidably appear. But even this should not be permitted on slight grounds or for specious reasons. The whole subject is foreign to the issue to be tried, and its introduction, even incidentally, should be avoided whenever it is practicable to do so.

*Exception sustained.*

All concurred.