Coös,
Nov. 1, 1927.

ALLEN M. McCURDY *v.* NAPOLEON FLIBOTTE.

ELSIE G. McCURDY *v.* SAME.

NAPOLEON FLIBOTTE *v.* ALLEN M. McCURDY.

*Matthew J. Ryan* and *Crawford D. Hening*, for the McCurdys.

*Ovide J. Coulombe*, for Flibotte.

ALLEN, J. I. Regarding the first exception, it is said in *Piechuck* v. *Magusiak*, 82 N. H. 429: "The correct procedure is to exclude all reference to insurance at these trials. The fact of insurance may incidentally and unavoidably appear. But even this should not be permitted on slight grounds or for specious reasons. The whole subject is foreign to the issue to be tried, and its introduction, even incidentally, should be avoided whenever it is practicable to do so."

The evidence containing reference to insurance may be either direct or circumstantial. A declaration in express admission of liability or in terms of equivalent import has testimonial character of the same nature as direct evidence and is to be treated as such. It is admissible at the opponent's option as the equivalent of testimony of direct bearing on the issue to which it relates. The greater prejudice rule may not be invoked as to such evidence, while it may be when the reference to insurance is made in connection with conduct or a statement tending to indicate liability without direct admission of it. Examples of admissions as direct evidence are found in *Lemire* v. *Pilawski*, 77 N. H. 116, and *Herschensohn* v. *Weisman*, 80 N. H. 557, while *Gerry* v. *Neugebauer, ante,* 23, illustrates a situation where the evidence is circumstantial and the greater prejudice rule is applied.

But although the greater prejudice rule may not be applied when the evidence is of a direct admission of liability, it may be practicable to exclude the reference to insurance even then, and it should be excluded if it may be without substantially impairing or affecting the natural force of the admission. The reference to insurance may be so incidental and separable from the rest of the statement as to make its exclusion reasonable and proper. While ordinarily the whole of an admission is to be taken and construed together (*Moore* v. *Ross*,

11 N. H. 547, 556; *Barker* v. *Barker*, 16 N. H. 333, 338), yet when parts of it are of little or no value in explaining or qualifying it and are otherwise incompetent as irrelevant or prejudicial, justice may well require the exclusion of the parts having negative value. Wig., Ev., s. 2113 (b).

If a declarant acknowledges liability and goes on to say that he is insured, a limitation admitting only the acknowledgment would seem generally to be practicable. Since the reference to insurance is to be avoided if it may be, consideration should be given to the reasonableness of receiving only the essential part of the statement. While it is true that an instruction to the jury not to treat the fact of insurance as evidence of liability is presumably obeyed, the presumption is by no means conclusive, and the exclusion of the reference to insurance would seem to be ordinarily preferable to the admission in its entirety of the statement made. No strict rule for the exercise of the trial court's discretion in such respect can be laid down beyond the general rule of the legal policy to exclude evidence of insurance whenever "it is practicable to do so."

In the case here the declarant's statement was received in full. Logically the reference to insurance tended to weaken the force of the words importing liability. It tended to modify the admission to the declarant's benefit as making the entire statement an expression of indifference about liability rather than of its acknowledgment. But the court was not asked to consider the admissibility in part of the statement and exclusion of the remainder; and the objection was to the admission of any part of the statement because of its reference to insurance. If parties wish consideration of such partial admission of the declaratory statement, they should raise it and bring it to the court's attention. Hence the question whether the court's discretion in admitting the statement in full rather than only in part was properly exercised, is not here presented. The discretion was not invoked, and the only question was whether the evidence should be received in full or not at all.

On the point that the statement made may not be fairly construed as an admission of fault, it is argued that other meanings are at least as probable and that a finding that the words used tended to import an acknowledgment of liability is at best conjectural. Without other considérations, the declarant's testimony in denial of making the statement warranted a finding of the meaning of the statement as an admission, since such denial if found to be false clearly tended to show recognition of the harmful character of the statement. If

the meaning of the statement was incapable of ascertainment when the court admitted it, the disbelieved denial of making it supplied evidence from which with the other evidence its meaning as an admission could be found. Hence if the evidence was not competent as an admission when introduced, it became so in the progress of the trial.

If in the passenger's action the evidence was not competent as an admission (*Burnham* v. *Sweatt*, 16 N. H. 418, 420; *State* v. *Kennard*, 74 N. H. 76), and was not received in discretion under the *res gestae* rule, as it would seem it might have been (*Nawn* v. *Railroad*, 77 N. H. 299, and cases cited; *St. Laurent* v. *Railway*, 77 N. H. 460; *Chellis Realty Co.* v. *Railroad*, 79 N. H. 231), yet she made no point of any distinction between the use of the evidence in her and in the other actions. She and the declarant had the same counsel, who made one general objection to the admission of the evidence in their joint behalf. If the objection was intended to be separate and several as to the different actions, under the circumstances it should have been so stated. The court was fairly given to understand that the objection was of the same and equal force in all of the actions, and stood on the same ground as to each of them. The evidence being admissible, request for the limitation of its use was as much called for as for the limitation of its form and extent. The principle that failure to state special or limited grounds of objection waives them (*Hussey* v. *Railroad*, 82 N. H. 236, and cases cited), accordingly applies.

II. As to the other exception, without considering the question whether in impeaching credibility evidence of a judicial conviction for reckless driving should be excluded in cross-examination as not relating to a crime of dishonesty (*Genest* v. *Company*, 75 N. H. 365, 368), there was here no conviction. The revocation of the license was an administrative act by the executive branch of government, and even if it involved the exercise of judicial functions, it was not a judgment of a judicial tribunal in a proceeding to which the witness was a party. The offer was of matter as incompetent as other ordinary forms of hearsay evidence.

*Exceptions overruled.*

All concurred.