Coös,
Dec. 6, 1932.

ALBERT YOUNG *v.* MYRON A. OSGOOD.

*Shurtleff & Hinkley* (*Mr. Hinkley* orally), for the plaintiff.

*Bernard Jacobs* (by brief and orally), for the defendant.

BRANCH, J.   Three exceptions taken during the argument of plaintiff's counsel to the jury have been argued by the defendant, but only one of them requires consideration at this time.

In connection with certain testimony as to declarations made by the parties at the time of the accident, it appeared that both of them carried liability insurance.   Commenting upon this evidence plaintiff's counsel argued as follows: Mr. Hinkley: "I say that the mere fact that there's an insurance company going to pay this verdict, if you find Mr. Osgood was to blame for this accident, is no reason why Albert Young, a farmer up in Stratford, should suffer at your hands. You aren't going to take any money out of Mr. Osgood's pocket to give it to Mr. Young."   To this argument the defendant was allowed an exception.

The evidence of insurance was "incidentally and unavoidably" (*Piechuck* v. *Magusiak*, 82 N. H. 429, 431) in the case and had an important bearing upon the question whether the plaintiff's version of the conversation between him and the defendant immediately after

the accident should be accepted as true or whether the defendant's version should be preferred. It had no direct significance, however, upon the question of liability. The whole subject was, in fact, "foreign to the issue to be tried," and the evidence "was potent to 'excite prejudices, or raise false impressions'." *Piechuck* v. *Magusiak, supra; Gerry* v. *Neugebauer*, 83 N. H. 23, 25; *McCurdy* v. *Flibotte*, 83 N. H. 143; *Graves* v. *Railroad*, 84 N. H. 225, 227. It, therefore, behooved counsel to be extremely circumspect in his handling of such dangerous testimony, but no indication of caution is observable in the language used. On the contrary, counsel appears deliberately to have made use of the testimony "to excite prejudices" and "raise false impressions" by boldly asking the jury to find a verdict for the plaintiff because they would not in that way "take any money out of Mr. Osgood's pocket." If the jury made use of the evidence in the manner suggested, the defendant would plainly be "deprived of a proper consideration of...[his] claim." *Piechuck* v. *Magusiak, supra.* The language used comes squarely within the third class of illegitimate arguments defined by *Pike*, J. in *Story* v. *Railroad*, 70 N. H. 364, 387, as follows: "Third, where counsel have been permitted to urge the jury to draw from evidence properly in the case for one purpose conclusions which it had no tendency to prove. *State* v. *Foley*, 45 N. H. 466; *Harrington* v. *Wadsworth*, 63 N. H. 400." The allowance of such an argument was error.

In the course of his charge to the jury the court correctly instructed them to disregard the fact of insurance in passing upon the issue of liability, but in the absence of a finding that the argument did not render the trial unfair, the verdict must be set aside. *Bullard* v. *Railroad*, 64 N. H. 27.

It is not likely that the questions raised by the defendant's other exceptions will arise at another trial and they have not, therefore, been considered.

At the argument in this court, the plaintiff called attention to an exception taken by him to the exclusion of evidence, and requested that if a new trial were ordered, consideration be given to the question thus presented. The circumstances under which the ruling of the court was made were as follows: during the re-direct examination of the plaintiff he testified that, after the accident, he went to see Mr. Jacobs, who was counsel for the defendant, at his office, and the witness was then asked, "What did Mr. Jacobs say to you?" The court ruled that "any conversation he had with Mr. Jacobs" would be excluded, and plaintiff's counsel thereupon made the following offer of proof:

"The plaintiff offers to show that shortly after the accident he had a conference with Mr. Jacobs in Mr. Jacobs' office, in which Mr. Jacobs was representing the defendant, and that Mr. Jacobs at that time told him that they would pay $75, and that he would be very foolish to bring suit because he wouldn't get that much net out of it, as it would cost him more than that to try his case. We say that the conversation with Mr. Jacobs is admissible as an admission of liability."

After some discussion at the bench, this evidence was excluded. From the portions of the discussion which are reported, it appears that this ruling was based upon the ground that the offer to pay was a proposal for a compromise. We cannot say, as a matter of law, that the court erred in so treating it, and upon this basis the ruling was clearly correct. *Kenney* v. *Len*, 81 N. H. 427, 435 and cases cited.

*New trial.*

All concurred.