Hillsborough, } No. 3225.
March 4, 1941. }

MARY A. SULLIVAN *v.* JOSEPH P. SULLIVAN.

AGNES T. DUGAN *v.* SAME.

*Sheehan & Phinney* (*Mr. Phinney* orally), for the plaintiffs.

*Hughes & Burns* and *John S. Hurley (Mr. Walter A. Calderwood, Jr.* orally), for the defendant.

BRANCH, J.   In support of the motions for a nonsuit and a directed verdict, the defendant argues that the testimony demonstrates that he had not more than two seconds in which to act after Hepworth started to turn across the road in front of him and that in accordance with our recent decision in *Britton* v. *Glass, ante,* 218, this time was insufficient for anything more than instinctive action.   This argument fails to give the plaintiff the benefit of the evidence most favorable to him.   An eye witness, Richardson, fixed upon a plan the point of collision, the point at which Hepworth started to turn "very gradually" across the road, and the position of the defendant's car at that time.   According to his testimony, Hepworth started to turn, at a speed of not over 15 miles per hour, when he was about 75 feet south of the point of collision.   The defendant was at this time 150 feet north of the point of collision with an unobstructed view of the highway.   At 15 miles per hour, Hepworth would traverse the 75 feet in approximately 4 seconds, which is precisely the time it would take the defendant to traverse 150 feet at his admitted speed of 25 miles per hour.   During this time the situation was open and visible to the defendant, who did nothing to avoid the accident until a collision was inevitable.   The motions for a nonsuit and directed verdict were properly denied.

The motion for a mistrial was based upon the fact that the witness Richardson injected into the case the issue of Hepworth's liability insurance.   During the course of a long answer to a question of defendant's counsel, the witness said: "I was sort of wondering whether to chase the car or not.   I was wondering whether to turn around and chase him but it was an old car and I figured there was no insurance on the car, it wouldn't be worth my time to chase it."   In support of his motion, the defendant relies upon the case of *Graves* v. *Railroad,* 84 N. H. 225, 227, in which the plaintiff, over the defendant's objection, was permitted to read to the jury from a deposition a question and answer in which a third party denied that he carried insurance.   In sustaining this exception the court said: "On all the evidence the jury might well have returned a verdict in favor of the defendant, believing that R . . . was responsible for the accident and leaving the plaintiffs free to bring suit against him if they chose.   The testimony objected to was an appeal to the sympathy and prejudice of the jurors, asking them in effect to find the

railroad liable because R . . . did not carry liability insurance." Obviously this is not such a case. The reference to insurance was not made in answer to a direct inquiry of counsel but crept into the case casually in the course of a long answer which covers more than 16 lines in the printed record. The witness does not undertake to state that Hepworth in fact carried no insurance. He merely gives his guess based upon the fact that the Hepworth car was an old one. The witness was at the moment under cross-examination by defendant's counsel. Plaintiff had nothing whatever to do with the introduction of this testimony and there is consequently no room for the argument that it was "an appeal to the sympathy and prejudice of the jurors." In short, this appears to be one of those cases referred to in *Piechuk* v. *Magusiak*, 82 N. H. 429, where "the fact of insurance may incidentally and unavoidably appear" and the plaintiffs should not be penalized for the conduct of the witness over which they had no control.

The defendant's exception to the ruling of the court by which the witness French was prevented from stating what he had learned about the accident from Hepworth, must be overruled. The question obviously called for hearsay evidence.

Equally without merit is the defendant's exception to the exclusion of a question addressed to the witness Richardson in which he was asked whether he would have attempted to make a left hand turn under the conditions which existed "at the time Hepworth swung in front of Sullivan." As the court correctly stated in making his ruling: "It isn't what this witness would have done, it is what the ordinary man of ordinary prudence would have done."

The refusal of the court to permit the cross-examination of the defendant by his counsel presents no question of law. "The admission or exclusion of leading questions is a matter within the discretion of the trial court." *Atherton* v. *Rowe*, 89 N. H. 196, 200.

The defendant requested the court to charge the jury as follows: "(11) In determining the liability of the defendant in this case, you may take into consideration the fact that this is not the plaintiffs' last day in court, and that if they have not already done so, they may make a claim and bring suit against Hepworth to recover for the injuries sustained by them as a result of this accident." In this request the court was asked to instruct the jury as to the rights of the plaintiffs against a third party without knowing the facts. To tell the jury that the plaintiffs might have another day in court and might make claim against Hepworth "if they have not already done

so" without telling the jury whether they had "already done so" would have been a meaningless and confusing formula, yet there was in the record no basis for a statement that the plaintiffs had or had not "already done so." The request, if otherwise sound, as to which no opinion is expressed, was, therefore, properly overruled.

The defendant requested the court to charge the jury as follows: "(16) There is no evidence that the defendant was unfit to act in the emergency which was created and presented by the manner in which Hepworth turned his car to the left in front of Sullivan." The case presented no issue to which this rule was applicable and the request was properly denied. *Wemyss* v. *Company*, 86 N. H. 587, 592.

The defendant requested the court to give three instructions on the issue of speed, one of which was as follows: "(19) The issue of the defendant's negligence based upon his operating his car at an excessive rate of speed is withdrawn from your consideration, and no liability is to be predicated upon this issue." The court charged the jury as follows: "If you find that the speed of the Sullivan car did not cause or contribute to cause the accident its speed is immaterial and no liability of the defendant can be predicated upon this issue." In giving this instruction the court adopted the language of the defendant's 18th request, which was undoubtedly a correct statement of the law. The defendant having requested the court to give two inconsistent instructions, he is hardly in a position to complain because the court chose the one which was indubitably sound and denied the one which was questionable.

The court also told the jury that "The defendant could prima facie lawfully operate his automobile at a speed of 40 miles an hour at the time and place of the accident." It appeared that the highway at the scene of the accident had been posted for a speed limit of 45 miles per hour. The entire trial proceeded, however, upon the theory that the defendant's speed did not exceed 25 miles per hour, so that the defendant could not have been harmed by this slight inaccuracy in the charge.

The defendant requested the court to charge the jury as follows: "(20) Issue of defendant's negligence based upon his failure to turn his car to the left rather than to the right as he did to avoid the accident is withdrawn from your consideration, and no issue of the defendant's liability is to be predicated upon this issue." It was one of the claims of the plaintiffs that Sullivan should have turned to the left and gone to the rear of the Hepworth car as Hepworth turned in front of him. The defendant claimed that, in view of the fact

that the witness Richardson had stopped his car in the north-bound lane some 80 feet south of the accident, due care could not require that the defendant turn left in the north-bound lane to avoid the accident. There was evidence, however, that immediately after the accident another car coming from the north did precisely this thing and there could be no doubt that this was a possible course of conduct open to the defendant. Under these circumstances, the court properly submitted to the jury the question whether "he could have turned one way or the other."

Defendant's request number 22 that he had a right to expect that Hepworth would stay on his own side of the road, and 23, that he had a right to expect Hepworth to have his car under control, were both given in substance.

Defendant's request number (28) was as follows: "You may consider the plea of guilty which Hepworth made to the charge of driving under the influence of liquor at the time of the accident as bearing upon his conduct at the time and in determining the circumstances under which Sullivan was required to act to avoid the collision." The court instructed the jury as follows: "The defendant had a right to rely upon Hepworth having and using the full use of his faculties and having his car under control at the time of the accident . . . The defendant was not required to anticipate that Hepworth would be operating his motor vehicle upon a public highway at the time and place of the accident while under the influence of liquor. If you find that the sole and proximate cause of the accident was the manner in which Hepworth managed and controlled his motor vehicle at the time of the accident, the defendant is not liable and the plaintiffs cannot recover."

Having thus correctly instructed the jury as to the effect of Hepworth's alleged intoxication, it was unnecessary for the court to go further and give them special instructions as to the use of the evidence by which the charge of intoxication was sought to be proved.

No errors of law having been discovered in the record, it is ordered that there be

*Judgment on the verdict.*

All concurred.