Hillsborough, } No. 3494.
Feb. 6, 1945. }

ROSE MENARD *v.* MARGARET E. CASHMAN.

JOSEPH MENARD *v.* SAME.

*Robert W. Upton* (by brief and orally), for the plaintiffs.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the defendant.

MARBLE, C. J.   One of the proprietors of the Plaza Beauty Parlor testified that nobody had ever complained to her of any defect in the stairway and that she had never known any of her patrons to slip or trip on the stairs.   Plaintiffs' counsel is of course correct

in his contention that since the witness was not the defendant's agent, notice to her was not notice to the defendant, and the fact that complaints were or were not made to the witness would therefore be inadmissible on the issue of the defendant's knowledge or ignorance of the alleged defect. See *Howe* v. *Jameson*, 91 N. H. 55, 56. On the other hand, evidence that persons had descended the stairs without falling was admissible, in the proper exercise of the trial Court's discretion, as tending to show that the stairway was in suitable condition. *Sprague* v. *Bristol*, 63 N. H. 430; *Gould* v. *Hutchins*, 73 N. H. 69. See, also, *Fisher* v. *Railroad*, 75 N. H. 184, 186.

The defendant's contention that no valid exception was taken to the admission of the above-mentioned testimony need not be considered, since the verdicts must be set aside for the reasons which follow.

In answer to questions by her counsel, the defendant testified that neither of the plaintiffs, before bringing suit, had ever made any claim against her, that she had never talked with either of them and had never seen them until the day of the trial, and that they had never communicated with her by letter or in any other way. Thereafter, in chambers, plaintiffs' counsel, "in order to neutralize any inference" which "might be drawn from such testimony" to the effect "that the plaintiffs didn't have any confidence in their case," offered to show that on October 27, 1941, "demand was made upon the Merchants Mutual Casualty Company, as insurer of this claim" and that conferences between the plaintiffs and the casualty company's agent preceded the letter of demand, a copy of which was marked for identification.

The Presiding Justice excluded the proffered evidence with the statement: "It is unduly prejudicial and in the next place, it isn't an answer to the defendant's testimony because it does not prove any demand on her." To this ruling the plaintiffs excepted.

In the course of his argument to the jury defendant's counsel said: "You will remember, of course, Mr. Foreman and Gentlemen, that Mrs. Menard testified that as early as October she had gone with her counsel to look at this stairway, yet no demand was made . . . until the writs were brought in December. That has some bearing on the question of whether Mr. Menard and Mrs. Menard thought they had any real ground to bring an action against Miss Cashman. When you get to your jury room I think you should have that in mind, among other things." Plaintiffs' counsel excepted to the

allowance of this argument, stating that "whatever delay there was on the part of counsel was not the fault of Mr. and Mrs. Menard."

While the issue presented by the invocation of the undue prejudice rule is one of fact, the determination of when that issue may be raised is a matter of law. *Bunten* v. *Davis*, 82 N. H. 304, 311.

It was not necessary that the proffered evidence should literally contradict the defendant's statement that no demand had been made upon her. Inasmuch as this statement carried with it the suggestion that the plaintiffs had little faith in their claims, justice required that they "be permitted to rebut the suggestion" (*Valley* v. *Railroad*, 68 N. H. 546, 548) by proof of the demand actually made, even though the evidence would not otherwise have been admissible. *Dame* v. *Kenney*, 25 N. H. 318, 324, 325. And since the evidence was "indispensable for its legitimate purpose" (6 Wig. Ev., 3d *ed.*, *s.* 1864, *p.* 491), it could not be excluded as unduly prejudicial to the defendant merely because its introduction would incidentally disclose the existence of liability insurance (see *Dimarco* v. *Smith*, 90 N. H. 378; *Sullivan* v. *Sullivan*, 91 N. H. 341, 344), reference to which could not be altogether avoided (see *McCurdy* v. *Flibotte*, 83 N. H. 143) if the authority of the casualty company to represent the defendant was to be adequately proved. See *Wemyss* v. *Company*, 86 N. H. 587, 593.

The effect of the Court's ruling is manifest. The rejection of the plaintiffs' offer of proof left the defendant's testimony on the issue free from attack and defendant's counsel free to suggest to the jury the application of the rule of *Page* v. *Hazelton*, 74 N. H. 252, 255, that "Failure to make claim when occasion therefor exists has some tendency to prove the invalidity or non-existence of the claim." The result was to create prejudice against the plaintiffs' claims and to confer an "undue benefit" upon the defendant. See *Daniels* v. *Barker*, 89 N. H. 416, 419.

In the absence of any exception presenting the question, no opinion as to the applicability of the rule of *Page* v. *Hazelton* is expressed. Since the rule was assumed to apply, the plaintiffs' rebutting evidence should have been received. *State* v. *Saidell*, 70 N. H. 174, 177.

*New trials.*

All concurred.