JOHN LA ROCCA, Respondent, *v.* STEPHEN J. FARRINGTON et al., Doing Business as S. J. FARRINGTON IRON WORKS, Appellants, and TURNER DOCK TRANSFER CO., INC., Respondent and Appellant.

Argued May 17, 1950; decided July 11, 1950.

*Patrick E. Gibbons* and *Patrick J. McCann* for Stephen J. Farrington and another, appellants.  I.  The Appellate Division was in error in reversing the decision of the trial court.  (*Muscelli* v. *Starr Contr. Co.*, 296 N. Y. 330; *Caldarola* v. *Moore-McCormack Lines*, 295 N. Y. 463; *Cullings* v. *Goetz*, 256 N. Y. 287; *Mayor of City of Albany* v. *Cunliff*, 2 N. Y. 165; *Santise* v. *Martins, Inc.*, 258 App. Div. 663; *MacPherson* v. *Buick Motor*

*Co.*, 217 N. Y. 382; *Hoisting Engine Sales Co.* v. *Hart*, 237 N. Y. 30; *Liverani* v. *Clark & Son*, 231 N. Y. 178; *Seas Shipping Co.* v. *Sieracki*, 328 U. S. 85.) II. The trial court erred in refusing to charge as requested by defendant Farrington. (*Liverani* v. *Clark & Son*, 231 N. Y. 178; *O'Doherty* v. *Postal Telegraph-Cable Co.*, 134 App. Div. 298; *Sieracki* v. *Seas Shipping Co.*, 149 F. 2d 98.) III. Defendant Farrington was entitled to recover over against defendant Turner on its cross complaint. (*Hoisting Engine Sales Co.* v. *Hart*, 237 N. Y. 30; *McSpedon* v. *Kunz*, 271 N. Y. 131; *Eisenbach* v. *Gimbel Bros.*, 281 N. Y. 474; *Union Stock Yards Co.* v. *Chicago, B. & Q. R. R. Co.*, 196 U. S. 217.)

*William L. Shumate* and *Samuel E. Swiggett* for Turner Dock Transfer Co., Inc., appellant and respondent. I. Defendant Turner having entirely divested itself of possession and control of the crane under a lease entered into many months prior to the accident owed no duty to plaintiff with respect to the condition of the chain. Therefore, the trial court was correct in dismissing the complaint as against Turner. (*Muscelli* v. *Starr Contr. Co.*, 296 N. Y. 330; *Auten* v. *Bennett*, 183 N. Y. 496; *Cullings* v. *Goetz*, 256 N. Y. 287; *Kohrn* v. *Boyer Lighterage Corp.*, 262 App. Div. 762; *Witty* v. *Matthews*, 52 N. Y. 512; *Mirsky* v. *Seaich Realty Co.*, 256 App. Div. 658; *Hartfield* v. *Roper*, 21 Wend. 615; *Eklof* v. *Waterston*, 132 Ore. 479; *Pharm* v. *Lituchy*, 283 N. Y. 130; *Rufo* v. *South Brooklyn Sav. Bank*, 268 App. Div. 1057; *Noone* v. *Perlberg, Inc.*, 268 App. Div. 149, 294 N. Y. 680.) II. As to defendant Turner the verdict was contrary to the law as charged and it was, therefore, error to reinstate it unless it can be said as matter of law that Turner had violated a duty owing to plaintiff. III. In no event would Farrington be entitled to recover over against Turner on common-law principles of indemnity for the reason that the two defendants, if guilty of any fault at all, are guilty of the same fault, i.e., failure to discover and remedy the defect. (*Hoisting Engine Sales Co.* v. *Hart*, 237 N. Y. 30; *League Cycle Co.* v. *Abrahams*, 27 Misc. 548; *Union Stockyards Co.* v. *Chicago B. & Q. R. R. Co.*, 196 U. S. 217.)

*Ralph Stout, Hyman Goldberg* and *Louis Rothbard* for plaintiff, respondent. Upon the evidence the question of defendants' negligence was one of fact which was properly submitted

to the jury. (*Thomas* v. *Winchester,* 6 N. Y. 397; *Loop* v. *Litchfield,* 42 N. Y. 351; *Devlin* v. *Smith,* 89 N. Y. 470; *Connors* v. *Great Northern Elevator Co.,* 90 App. Div. 311, 180 N. Y. 509; *Kahner* v. *Otis Elevator Co.,* 96 App. Div. 169, 183 N. Y. 512; *MacPherson* v. *Buick Motor Co.,* 153 App. Div. 474, 217 N. Y. 382; *Junkermann* v. *Tilyou Realty Co.,* 213 N. Y. 404.)

*Per Curiam.* On the facts of this case — which are sufficiently stated in the dissenting opinion filed herewith — it was error for the trial court to set aside the jury verdict in favor of the plaintiff and dismiss his complaint. We agree that the Appellate Division quite properly reinstated the verdict against the defendants-appellants, the Turner and Farrington companies, on the authority of *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382). The uncontradicted testimony of the expert that the crack in the fracture face of the link that broke had existed for at least two years and its existence was reasonably discoverable by visual inspection, established, prima facie, that use of the crane was imminently dangerous to any person in the vicinity of its boom (cf. *Adams* v. *White Constr. Co.,* 299 N. Y. 641). The principle of the *MacPherson* case (*supra*) is no longer limited to manufacturers but has been extended to " suppliers " as well, a designation which also covers owners and lessors (see Restatement, Torts, §§ 388, 408; *Connors* v. *Great Northern Elevator Co.,* 90 App. Div. 311, affd. 180 N. Y. 509; *Richards* v. *Texas Co.,* 245 App. Div. 797, motion for leave to appeal denied 268 N. Y. 728; *MacKibbin* v. *Wilson & English Constr. Co.,* 263 App. Div. 1014, motion for leave to appeal denied 288 N. Y. 738). Maritime cases such as *Muscelli* v. *Starr Contr. Co.* (296 N. Y. 330) and *Caldarola* v. *Moore-McCormack Lines* (295 N. Y. 463) are distinguishable under the maritime ruling placing full responsibility upon a charter party.

The fact that the plaintiff's employer, as lessee of the crane, had an equal opportunity to discover the defect and would thus be within the compass of the *MacPherson* doctrine does not serve to relieve the owner of liability (*Wanamaker* v. *Otis Elevator Co.,* 228 N. Y. 192).

The judgment should be affirmed, with costs.

DESMOND, J. (dissenting). Plaintiff, employed by a shipyard company (which is not a party here) was injured as the result of the breaking of one link of a chain which held in place the

boom of a heavy-duty tractor crane. The crane was being used on an unloading job which plaintiff and his coemployees were doing. The crane, about ten years old, belonged to defendant-appellant-respondent Turner, which made a business of renting out such equipment and had rented it, about thirteen months before the accident, to defendant-appellant Farrington, which kept it for two days only, then sublet or rerented it to plaintiff's employer, which used it regularly, from then on, in lifting heavy burdens, some of them much heavier than the one which was being handled when the link gave way. The crane operator was a coemployee, with plaintiff, of the shipyard lessee.

The link which broke was one of six which together formed a chain which, made fast to a hook, held in place the boom of the crane when at its desired height. No one previously had noticed anything wrong with the link, although the chain was handled by the crane-operator every morning and night. After the accident the broken link was examined by an expert who testified as plaintiff's witness. From his examination of the partly rusted " fracture face ", he concluded that there had been a crack of some size in the link for at least two years before this breaking, that this crack had probably existed as a tiny defect from the time of manufacture, that the crack had grown slowly, that its presence but not its extent would have been visible to careful inspection for more than two years, and that there were several well-known methods of testing such a link, to determine the fitness of the metal.

There was proof that defendant-appellant-respondent Turner, the owner, had agreed to, and did, repair the crane, during the rental periods, when repairs were necessary and when Turner was requested to make them.

The Appellate Division reinstated plaintiff's verdict against the original and subsequent bailors (Turner and Farrington), which verdict the Trial Justice had set aside. The Appellate Division's opinion says that there was no express warranty by either bailor and that plaintiff, not being a party to either letting, could not rely on the " implied warranty " of fitness described in *Hoisting Engine Sales Co.* v. *Hart* (237 N. Y. 30). Nevertheless, the Appellate Division saw a basis for upholding the verdict. It ruled that both Turner (the owner bailor) and Farrington (the subsequent bailor) were joint tort-feasors in

that each had breached a duty of using reasonable care to see that the bailed chattel was safe for its intended use, citing *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Richards* v. *Texas Co.*, 245 App. Div. 797, motion for leave to appeal denied 268 N. Y. 728; and Restatement, Torts, § 408, comments a and b. I do not find in this record any proof of any such breach of duty by either defendant.

This was not the case of an experienced supplier leasing or furnishing to an inexperienced user, a machine or appliance apparently safe but actually harboring a defect which the owner knew of, or should have known of, but which the bailee was totally unaware of, and without means of discovering. To such a situation there would apply, I will assume, the rule of section 408 of the Restatement of Torts, which says in effect that such a supplier "for immediate use" must use reasonable care either to make the thing safe or to disclose its actual condition. But the lettings here were arms-length transactions between business firms experienced as to cranes. None of them actually knew of the crack. But it was as open to discovery by the second bailee, plaintiff's employer, as by either of appellants. Indeed, there was much more reason and occasion for plaintiff's coemployees to see it, for they handled this very chain twice every day, whereas Turner had not been in possession of the crane for more than a year, and its men came around to make repairs only when and if summoned, while Farrington had the crane for two days only, more than a year before the breaking of the link.

Such cases as *MacPherson* v. *Buick Motor Co.* (*supra*), and *Noone* v. *Perlberg, Inc.* (294 N. Y. 680), are not at all in point here, since they deal with the liability of manufacturers, for hidden defects in dangerous articles. The whole theory of plaintiff's case here is that this was a readily discoverable crack, which was there to see before Turner rented the crane out, and which slowly and gradually continued to increase in size and danger during the year plaintiff's employer was using the crane.

Other cases cited by respondent are equally wide of the mark. *Connors* v. *Great Northern Elevator Co.* (90 App. Div. 311), is a respected authority, but there the supplier, though warned of the precise danger, furnished an unsafe steam shovel. *Richards* v. *Texas Co.* (*supra*), like *Junkermann* v. *Tilyou Realty*

*Co.* (213 N. Y. 404), involves lettings where a public use, or public danger, is anticipated. It seems to me that the most stringent rule of liability that could reasonably be applied here is the one stated in section 388 of the Restatement of Torts:

" *Chattel Known to be Dangerous for Intended Use.*

" One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

" (a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied;

" (b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and

" (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so."

If that be the New York law, then neither defendant is liable, since the ultimate bailee, plaintiff's employer, was in the best position to acquire actual knowledge of the dangerous condition. I just do not see what duty of care is breached by a bailor, who, turning over an obviously long-used machine to an experienced bailee, fails to make, before the letting, the kind of inspection which the bailee can, with equal facility and for much stronger reasons, make for himself.

As to both realty and personalty, the common-law rule is that liability for defects is ordinarily cast, not upon the owner out of possession, but upon the possessor, the owner *pro hac vice* (see *Muscelli* v. *Starr Contr. Co.,* 296 N. Y. 330). The cases where the actual but absent owner must bear the blame are exceptional ones, where, because of the inexperience of the lessee or the immediacy of the intended use, it would be unreasonable to expect the lessee to make a careful inspection (see Restatement, Torts, § 408, comment a). When the lessee is competent to make an efficient inspection and has had a reasonable length of time to make it, then reason and justice dictate that any liability of the lessor comes to an end. Such is the rule of the real property cases (*Pharm* v. *Lituchy,* 283 N. Y. 130) and should be the rule here.

The judgment should be reversed, and the complaint dismissed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE and FROESSEL, JJ., concur in *Per Curiam* opinion; DESMOND, J., dissents in opinion in which FULD, J., concurs.

Judgment affirmed.