Edward De Maria, Respondent, v. Renee Operating Corp. et al., Defendants, and United Hoisting, Inc., Appellant.

First Department, June 19, 1953.

*William F. McNulty* of counsel (*John J. O'Connor*, attorney), for appellant.

*Paul O'Dwyer* of counsel (*O'Dwyer, Bernstein & Preusse*, attorneys), for respondent.

*Per Curiam.* Plaintiff, a bricklayer employed by a subcontractor on a construction job, was injured when a material hoist leased to his employer by defendant United Hoisting, Inc., suddenly fell from the fourth floor of the building. The issue is whether United Hoisting violated any responsibility of inspection which would have disclosed the defect, arising from use, which caused the material hoist to fall. A toggle bolt connecting the ends of the brake band broke, thus releasing the brake band. As a result, the hoist, instead of holding at the fourth floor, dropped to the ground, while plaintiff, according to his testimony, was bent over the platform of the hoist removing his tools. Plaintiff fell with the hoist and was injured.

The breaking of the toggle bolt, according to the uncontradicted testimony, was due to " metal fatigue ", a crack in metal subject to stress forming as a result of brittleness induced by repeated bending. The proof was uncontradicted that United Hoisting had made a visual inspection of the hoist and its disassembled parts prior to the delivery to the construction site. It was also uncontradicted that visual inspection would not disclose the fatigue fracture in the shaft of the toggle bolt. An expert witness for United Hoisting testified that there were certain metallurgical tests that would enable disclosure of a fatigue fracture. We think that it was a proper question under all the circumstances for a jury to determine whether a supplier of machinery had an obligation to do more than perform a visual inspection. This is particularly true with regard to a supplier who leases machinery from time to time and where continued use, the extent of which is known only to the supplier, may cause or permit deterioration affecting the safety or usability of the machinery. The fact that such defects are latent should not excuse the supplier if the jury find that under all the circumstances a standard of care would have dictated that a duty existed to make inspection for the purpose of uncovering such latent defects. The law is now clear that a supplier may be liable for injuries resulting from discoverable defects (*La Rocca* v. *Farrington,* 301 N. Y. 247). The latency of the defect is immaterial if under the circumstances there was a duty to test or to go beyond visual inspection which would have resulted in discovery of the defect.

However, in the interests of justice we do not believe that the judgment obtained below in favor of the plaintiff should be affirmed, but that a new trial should be granted. The trial court in its main charge instructed the jury that if there were any defect in the machinery when supplied by United Hoisting there would be liability. No distinction was made between patent or latent defect. Only when requested did the trial court charge that this defendant's liability for such a defect would attach, only if there were, and if it violated, a duty to make reasonable inspection that would have uncovered the latent defect. Moreover, plaintiff tried this case on no such theory. In fact the only proof as to the latent defect and the methods of uncovering it came when United Hoisting put its expert on the witness stand. There was no proof as to how long the toggle bolt in this case had been used, the custom, if any, for inspection in the business of supplying hoists for hire, or of any other factors which would cast light whether the supplier should, in all reasonableness, have the duty of making more than visual inspection. Under these circumstances, we are not satisfied that the jury, in reaching its verdict, had an opportunity to appraise the issue in the light of applicable principles of law.

Accordingly, the judgment in favor of plaintiff should be reversed and a new trial ordered.

PECK, P. J., GLENNON, DORE, CALLAHAN and BREITEL, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.