■ GRAMATAN-SULLIVAN, INC., Respondent, v. VILLA-MANOR REALTY CO., INC., et al., Appellants; YONKERS CONCRETE PRODUCTS CO., INC., Respondent, et al., Defendants.— In an action to foreclose a mechanic's lien and for other relief, the appeal is from an order granting respondents' motion for an order directing the issuance of an open commission to examine one Arthur F. Shaw, president of defendant A. Shaw & Co., Inc., orally in Hackensack, New Jersey. Order modified by providing a counsel fee of $100, plus necessary disbursements to appellants' counsel for attendance at the examination, to be paid by respondents. As so modified, order affirmed, with $10 costs and disbursements to appellants, payable by respondents; the examination to proceed on ten days' notice. On the argument of this appeal counsel for respondents agreed that they would pay the reasonable expenses incurred in the event the examination is had. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ CARL IMPERIAL, Appellant, v. CENTRAL CONCRETE, INC., Respondent.— In an action to recover damages for personal injuries incurred as the result of coming in contact with wet concrete and thereby allegedly sustaining chemical burns, the appeal is from a judgment dismissing the complaint at the end of the entire case. Judgment affirmed, without costs. Even if it be assumed that appellant proved that his injuries were caused by lime or some other substance improperly present in the concrete delivered by respondent, it is our opinion that there was no proof that respondent had actual or constructive knowledge of the presence of such harmful substance in the concrete or was in any way negligent in selling or delivering the concrete. There was no evidence that concrete was commonly considered to be a dangerous commodity, or that tests were usual or customary before it was sold, or that injury from its use was within the range of reasonable apprehension. Nolan, P. J., Wenzel, Schmidt and Ughetta, JJ., concur; Murphy, J., dissents and votes to reverse and to grant a new trial, with the following memorandum: The proof sufficiently shows that respondent delivered concrete containing live lime or other dangerous substance which severely burned appellant while he was engaged in spreading it. As manufacturer (2 Restatement, Torts, § 400; *Smith* v. *Peerless Glass Co.,* 259 N. Y. 292) and supplier (*La Rocca* v. *Farrington,* 301 N. Y. 247, 250), respondent knew or should have known the dangerous nature of its product (*Genesee Co. Patrons Fire Relief Assn.* v. *Sonneborn Sons,* 263 N. Y. 463, 469; 2 Restatement, Torts, §§ 388, 391, 392) and is liable within the foreseeable range of injury due to its negligence in rendering the product a dangerous one (*MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382, 389, 390; 2 Restatement, Torts, § 395). "Its [doctrine of the *MacPherson* case] acceptance has brought all dangerous things into the same class as the 'inherently dangerous' things to which the principle already stated has always been applied. The *MacPherson* case caused the exception to swallow the asserted general rule of nonliability, leaving nothing upon which that rule could operate." (*Carter* v. *Yardley & Co.,* 319 Mass. 92, 103.)