Morris E. Spector, J.
Motion to dismiss the third-party complaint for insufficiency.
Plaintiff sues the defendants Fordham Hoisting and Equipment Company, Inc., and Albert Smith for personal injuries caused by the negligence of the defendants. The complaint alleges that the defendant ‘ ‘ Fordham ’ ’ leased, in a defective and dangerous condition, a hoist to Donato & Gagliano, Inc.; that. ‘ ‘ Fordham ’ ’ employed Albert Smith, with knowledge of the fact that Smith suffered from physical infirmities which prevented him from observing and hearing signals for the movement of the hoist; and that Smith negligently raised the hoist while plaintiff was attempting to repair the hoist.
The answer of defendant “ Fordham ” denies that it employed Smith or that its equipment was defective prior to its rental to Donato & Gagliano, Inc. In its third-party complaint “ Ford-ham ” pleaded the leasing agreement of March 12, 1956, entered into between it and Donato & Gagliano, Inc., which contains an indemnity agreement under which Donato & Gagliano, Inc., agreed “ To keep free and harmless Lessor from liability for any property damage and personal injury caused indirectly or directly by the leased equipment and materials while under the control and custody of the Lessee.” The third-party complaint states in substance that Donato & Gagliano, Inc., was in control of the leased equipment at the time of the accident and that Smith was an employee of that corporation. In paragraph 9 it is alleged that if plaintiff sustained the injuries alleged in the main complaint, the third-party plaintiff “ Ford- *163 ham ” is entitled to recover over against Donato & Gagliano, Inc., by reason of the latter’s primary negligence in the operation and control of the hoist; its employment of incompetent men to operate the equipment; in permitting the equipment to be used for the purpose of carrying passengers and in voluntarily undertaking to make repairs to the hoist. It is further alleged that ‘1 Fordham ’ ’ is entitled to indemnification under the terms of the leasing agreement.
If, as alleged in the complaint, ‘1 Fordham ’ ’ supplied a defective hoist it would be primarily responsible for its own active negligence (La Rocca v. Farrington, 301 N. Y. 247). Similarly, if it is established that “ Fordham ” employed an incompetent workman or the latter operated the hoist in a negligent manner, ‘ ‘ Fordham ’ ’ would be liable for active negligence. In either event, “ Fordham ” as a primary tort-feasor, in the absence of an indemnity agreement, cannot claim over against Donato & Gagliano, Inc. (McFall v. Compagnie Maritime Belge, 304 N. Y. 314). Moreover, where as here, “Fordham” denies liability and the third-party complaint contains allegations which preclude liability on its part but alleges that plaintiff’s injuries were caused by the third-party defendant’s negligence, the third-party complaint would be insufficient to form a basis for implied indemnification from the third-party defendant (Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191).
The indemnification clause of the leasing* agreement appears to be broad enough to require Donato & Gagliano, Inc., the third-party defendant, to indemnify “Fordham” for any recovery plaintiff may obtain against it based upon the claim that “Fordham ” supplied defective equipment. By that agreement the third-party defendant agreed to indemnify 1 ‘ Ford-ham ’ ’ from any liability caused indirectly or directly by the leased equipment and materials while under the control and custody of the lessee. Although the indemnification clause does not express in clear and unequivocal terms that “ Ford-ham ” is to be indemnified for its own negligence, it clearly appears that “ Fordham” intended to relieve itself of liability for any defects in the equipment by shifting that responsibility to the lessee. Certainly “ Fordham ” could not be responsible for the manner in which the lessee operated the hoist if the hoist was under.the exclusive control and operation of Donato & Gagliano, Inc. Obviously, by the use of the words ‘ ‘ by the leased equipment and materials while under the control and custody of the Lessee ”, the parties intended that all responsibility with rekpect to the condition, use and operation of the *164 hoist was to be assumed by the lessee in the course of the lessee’s business. The language used is significant, since it imposes liability caused by the leased equipment rather than the manner in which it was operated. (Ward v. Metropolitan Distributors, 47 N. Y. S. 2d 866, affd. 268 App. Div. 994, motion for leave to appeal denied 268 App. Div. 1060.)
Accordingly, the third-party complaint sufficiently pleads a claim over based upon an express agreement of indemnification.
Motion denied.