WILLIAM MAGUIRE, JR., Respondent, v. R & R TRUCKING Co. et al., Appellants.— In an action to recover damages for personal injury, in which it was alleged that the defendants maintained a trailer negligently, so that two bolts holding a " strong back " or crossbar were caused to break, thereby allowing it to fall and injure the plaintiff, the defendants appeal from a judgment of the Supreme Court, Westchester County, entered February 6, 1962 after trial upon a jury's verdict in plaintiff's favor against them. Judgment reversed on the law and on the facts, and a new trial ordered, with costs to the defendants to abide the event. Although the defendants were under a duty to discover all defects by more than just a visual inspection (*De Maria* v. *Renee Operating Corp.*, 282 App. Div. 221), in our opinion the finding of negligence against the defendants was contrary to the weight of the evidence. To satisfy the requirement of a prima facie case, it was necessary that expert testimony be adduced to demonstrate the need for more than a visual survey with respect to the bolts and the crossbar alleged to have been defective and to have been the cause of plaintiff's injury, and to show that the defects, if any, arose from or were due to their metal structure. Ughetta, Acting P. J., Kleinfeld, Brennan and Hopkins, JJ., concur.

ELIZABETH MAYRANT, as Administratrix of the Estate of NEMIAH MAYRANT, Deceased, Respondent, v. UNITED RENTAL 'CORP., Appellant.— In an action to recover damages for the wrongful death of plaintiff's intestate and for the decedent's conscious pain and suffering, the defendant United Rental Equipment Co., Inc. (sued as " United Rental Corp.") appeals from a judgment of the Supreme Court, Kings County, entered February 21, 1962 after trial upon a jury's verdict in favor of the plaintiff for $124,000 on the cause of action for wrongful death and for $11,000 on the cause of action for conscious pain and suffering. Judgment reversed on the law and on the facts, and new trial granted, with costs to abide the event, unless, within 20 days after entry of the order hereon, the plaintiff shall stipulate to reduce to $75,000 the amount of the verdict on the cause of action for wrongful death and to reduce accordingly the amount of the interest and the total amount of the recovery as set forth in the judgment; in which event the judgment, as so reduced, is affirmed, without costs. In our opinion, the award of damages for the wrongful death was grossly excessive. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.