Grafton,
No. 6114.

JOHN F. McLAUGHLIN

*v.*

SEARS, ROEBUCK & COMPANY.

SAME

*v.*

WHITE METAL ROLLING & STAMPING CORPORATION.

July 29, 1971

*Stebbins & Bradley* ( *Mr. David H. Bradley* orally ) for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* ( *Mr. Shane Devine* orally ) for the defendants.

GRIFFITH, J. Plaintiff John F. McLaughlin sustained injuries as a result of the collapse of a ladder which was manufactured by the defendant White Metal and sold to the plaintiff by the defendant Sears. The Trial Court ( *Perkins*, J. ) granted the defendants' motion for a nonsuit at the close of the plaintiff's evidence and reserved and transferred the plaintiff's exception.

The plaintiff testified that he purchased the ladder in the case at the Sears, Roebuck store in Claremont, New Hampshire in August of 1964. The ladder was aluminum and could be used as a seven foot step-ladder or opened up for use as an extension ladder. In 1964 the plaintiff was the general manufacturing manager of the Cone Automatic Company in Windsor, Vermont and had just purchased a new home in Hanover, New Hampshire.

The ladder was loaded into the trunk of plaintiff's car with the help of Sears' employees and taken to Hanover where it was placed on its side in the living room of the new house. It remained there for several months while plaintiff carried out certain land-scaping and other finishing work on his house. During this period plaintiff carried the ladder outside and set it up in the extended position but not liking its appearance in this position returned it to the living room without using it. Plaintiff had testified that he

had used ladders extensively since he had worked as a painter while attending college but that he was not particularly familiar with metal ladders.

On November 5, 1964 plaintiff used the ladder as a stepladder to do some painting in areas that he could reach by standing on the first step of the ladder. When he completed his painting for the day the entire house was painted except for a stairwell area leading up to the third level of the house and down to the first level. In order to determine how much of an extension would be required on a paint roller to reach the ceiling in the area with the help of the stepladder, he set the ladder up. It was set up facing the living room about six inches from the wall on the left with the stairs going down on the right and up in the rear.

Plaintiff testified he went three or four steps up the ladder when it suddenly gave way to the right and he threw himself to the left, fell and sustained the "injuries complained of." After the accident the two legs of the ladder under the steps were bent sharply to the left.

An expert for the plaintiff testified that the ladder would support a weight of 800 pounds under ideal conditions but that when a person mounted the ladder his weight initially fell primarily on the two legs under the bottom step. If the ladder were set up with one of these legs off the floor by as little as a sixteenth of an inch or if the leg were bent by three-quarters of an inch rocking onto this leg could cause it to collapse as it did in the accident. He testified that the right leg probably collapsed inward followed by the left leg collapsing outward. He gave as his opinion that a leg could be bent three-quarter of an inch out of line by a horizontal push of fifty pounds or by its being struck against another object. He agreed that the accident would not have happened unless the leg had been bent before its last use or set up with one leg slightly off the floor.

Our adoption of the rule of strict liability in actions against manufacturers and sellers of products (*Buttrick* v. *Lessard*, 110 N.H. 36, 260 A.2d 111 (1969)) included the fundamental requirement that the plaintiff must establish that the accident was caused by a defect present in the product at time of purchase. *Id.* at 39, 260 A.2d at 113; *Elliott* v. *Lachance*, 109 N.H. 481, 484-85, 256 A.2d 153, 155-56 (1969); Restatement (Second) of Torts, Comment 9 (1965). The plaintiff in this case testified he examined the ladder and set it up carefully before climbing it.

However, the testimony of the plaintiff's expert established that the legs would not have collapsed in the absence of distortion of a leg or failure to set the ladder with all legs level with the floor.

The plaintiff's right to recover would be barred if distortion of the leg or failure to set the ladder up level constituted misuse or abnormal use of the product. Restatement ( Second ) of Torts *s.* 402A, comment *h* ( 1965 ); Noel, Products Liability: Bystanders, Contributory Fault and Unusual Uses, 50 F.R.D. 321, 332 ( 1970 ). The duty of the manufacturer or supplier is limited to foreseeing the probable results of the normal use of the product or a use that can reasonably be anticipated. Prosser, Torts 667 ( 3d ed. 1964 ); *see Phillips* v. *Ogle Aluminum Furniture, Inc.,* 106 Cal. App. 2d 650, 654, 235 P.2d 857, 859 ( 1951 ) ( holding standing on a chair is anticipated use ). Clearly there is no duty to furnish a product that will not wear out. 1 Frumer and Fried-man, Products Liability *s.* 11:03 ( 1968 ); 1 Hursh, American Law of Products Liability *s.* 2:4 ( 1961 ); *Jakubowski* v. *Minnesota Mining & Mfg.,* 42 N.J. 177, 199 A.2d 826 ( 1964 ). If the cause of the accident is a misuse of the product rather than a defect then the plaintiff may not recover. *Gilbride* v. *James Leffel & Co.,* 37 Ohio L. Abs. 457, 47 N.E.2d 1015 ( Ct. App. 1942 ). On the other hand a manufacturer or supplier has distributed a defective product when it is so fragile that its anticipated use is likely to create a dangerous condition. A defect not apparent when the product is brand new and being used under ideal conditions is nevertheless a defect if under ordinary usage the product becomes dangerous. *Dunham* v. *Vaughan & Bushnell Mfg. Co.,* 42 Ill. 2d 339, 247 N.E.2d 401 ( 1969 ).

The evidence viewed most favorably to the plaintiff ( *Keeney* v. *Avery,* 109 N.H. 561, 260 A.2d 564 ( 1969 ) ) did not permit a ruling as a matter of law that the accident resulted from the plaintiff's abnormal use or misuse of the ladder. *Johnson* v. *Standard Brands Paint Co.,* 274 Cal. App. 2d 331, 79 Cal. Rptr. 194 ( 1969 ); *Dunham* v. *Vaughan & Bushnell Mfg. Co. supra;* Annot., 13 A.L.R.3d 1057 ( 1967 ). The issue was one of fact for a jury to determine whether the ladder was defective because under normal usage the ladder would collapse if a slight deformity of the leg should occur or the ladder should be set up slightly off level. It was for the jury to say whether the accident resulted from normal rather than abnormal use or misuse of the ladder. *See Murray* v. *Bullard Company,* 110 N.H. 220, 265 A.2d

309 ( 1970 ); *Brown* v. *Montgomery Ward Co.*, 109 N.H. 377, 254 A.2d 840 ( 1969 ).

*Plaintiff's exception sustained; new trial.*

All concurred.