**TOURIST VILLAGE MOTEL, INC.**

v.

**MASSACHUSETTS ENGINEERING CO., INC.**

**Civ. No. 91–261–S.**

United States District Court,
D. New Hampshire.

June 30, 1992.

Finis E. Williams, III, Concord, N.H., for plaintiff.

Stephen H. Roberts, Dover, N.H., for defendant.

## ORDER

STAHL, District Judge.

In this civil action, plaintiff Tourist Village Motel, Inc. ("Tourist Village"), seeks damages allegedly resulting from a leak of a 10,000 gallon fuel oil tank manufactured by defendant Massachusetts Engineering Co., Inc. ("MEC"). Plaintiff proceeds under seven theories of liability: negligence, strict liability, nuisance, breach of implied warranty, breach of express warranty, and violation of two New Hampshire statutes proscribing oil pollution of public waters. *See* N.H.Rev.Stat.Ann. ("RSA") 146–A:3–a and 146–A:10. Jurisdiction is alleged under 28 U.S.C. 1332. Currently, before the Court is the defendant's motion to dismiss the complaint pursuant to Rule 12(c), Fed. R.Civ.P.[1]

## 1. BACKGROUND

In October 1983, plaintiff purchased a 10,000 gallon fuel oil tank from the Isaacson Structural Steel Co. ("Isaacson"). The tank was installed by Isaacson. Pursuant to an application for a bank loan, plaintiff conducted a tank test on November 30, 1989.[2] The test indicated that the tank was leaking. Two subsequent tests, conducted on December 13, 1989, and December 27, 1989, similarly indicated that the tank was leaking. Shortly thereafter, pursuant to an order from the State of New Hampshire, the tank was drained. In July 1990, the tank was removed and a new 15,000 gallon tank was then installed. Remediation of contaminated soil subsequently took place under supervision of the state. On June 14, 1991, plaintiff initiated this action.

## 2. MOTION TO DISMISS

As noted above, *see supra* note 1, defendant's motion seeks dismissal of Counts I–V of plaintiff's complaint. More specifically, defendant asserts that plaintiff's negligence, nuisance, breach of warranty, and strict liability claims are barred by the applicable statutes of limitation. Defendant also contends that plaintiff's strict liability claim must fail as a matter of law. The Court addresses each argument in turn.

---

**1.** Though defendant apparently seeks to dismiss the plaintiff's case in its entirety, *see* Defendant's Motion to Dismiss at ¶ 22, the motion only cites authority supporting dismissal relating to Counts I–V. Local Rule 11(c), Rules of the United States District Court for the District of New Hampshire, requires that moving parties file memoranda "with citations of supporting authorities or a statement that no brief is necessary and the reasons therefor" for every motion grounded in law in a civil proceeding. Defen-

dant's motion is not so supported with respect to Counts VI and VII, and the Court therefore disregards it insofar as it relates to these counts.

**2.** Plaintiff applied for the loan to finance the building of an athletic club on its premises. A condition of the loan was that an environmental site assessment be performed. The tank test was part of this assessment.

## A. Standard of Review

Rule 12(c), Fed.R.Civ.P.,[3] provides that a party may "move for judgment on the pleadings" after the pleadings are closed. For purposes of the motion, the Court must accept "all of the non-movant's well-pleaded factual averments as true and draw all reasonable inferences in [its] favor...." *Santiago de Castro v. Morales Medina*, 943 F.2d 129, 130 (1st Cir.1991) (quoting *Rivera–Gomez v. deCastro*, 843 F.2d 631, 635 (1st Cir.1988)). The Court may not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* (citations omitted).

Under Rule 12(c), if supplementary materials are presented and not excluded by the Court, the motion shall be treated as one for summary judgment. However, a Rule 12(c) motion is not automatically transformed into a motion for summary judgment "simply because matters outside the pleadings are filed with, and not expressly rejected by, the district court". *Garita Hotel Ltd. v. Ponce Fed. Bank*, 958 F.2d 15, 18 (1st Cir.1992). Consequently, if the Court ignores the supplementary materials, then no conversion occurs. *Id.* (citing *Jacob v. Curt*, 898 F.2d 838, 839 (1st Cir. 1990) (*per curiam*)).

## B. Applicability of the Statute of Limitations to Plaintiff's Negligence, Strict Liability, and Nuisance Claims

Counts I, II and III of the complaint seek recovery under theories of negligence, strict liability and nuisance respectively. In its motion, defendant argues that since this action was not initiated until eight years after the fuel storage tank was installed, these claims are barred by New Hampshire's statute of limitations for personal actions.[4] In so doing, defendant contends that as a matter of law plaintiff's cause of action "accrued" at the time the tank was installed. The Court disagrees.

Though RSA 508:4 did not define the term "accrued" until the statute was amended in 1986, New Hampshire courts had previously set forth a "discovery" rule under which a cause of action would not accrue " 'until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that [it] has been injured but also that [its] injury may have been caused by the defendant's conduct.' " *Gagnon v. G.D. Searle & Co.*, 889 F.2d 340, 342 (1st Cir.1989) (quoting *Rowe v. John Deere*, 130 N.H. 18, 21, 533 A.2d 375, 377 (1987)) (applying RSA 508:4 in its pre-1986 form). The rule serves the purpose of preventing the "unfairness of extinguishing a right of action before its holder knows or should know of its existence." *Id.*

In the instant case, the complaint alleges the plaintiff first became aware of the leak as a result of the tank test undertaken in November 1989. Moreover, it does not appear beyond doubt that the plaintiff, using due diligence, should have discovered a leak occurring from an underground storage tank. Consequently, at this early stage of the litigation, operation of the discovery rule makes plaintiff's negligence, strict liability, and nuisance claims timely, and defendant's motion with respect to these claims is therefore denied insofar as it is premised upon a statute of limitations theory.

## C. Applicability of the Statute of Limitations to Plaintiff's Warranty Claims

Counts IV and V of plaintiff's complaint seek recovery under theories of breach of

---

**3.** Though defendant does not specify the rule underlying its motion to dismiss, it is apparent that defendant, having filed an answer, is proceeding under Rule 12(c). Further, Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings, or even as late as at trial on the merits. *See Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 357 (1st Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).

**4.** At the time of installation of the tank, the applicable statute of limitations provided that personal actions "may be brought only within 6 years of the time the cause of action accrued." *See* RSA 508:4 (1983). In 1986, the limitations period was shortened to three years.

implied and express warranty respectively. Defendant argues that plaintiff's breach of warranty claims should be dismissed under the Uniform Commercial Code's ("UCC") statute of limitations governing breach of contract of sale.[5] The Court partially agrees.

In opposing defendant's motion, plaintiff does not dispute that the New Hampshire UCC's statute of limitations for breach of contract of sale is four years and that the discovery rule does not apply in this context. Rather, plaintiff argues that the UCC is not applicable as a fuel tank lies outside the definition of "goods".[6] Specifically, plaintiff contends that because the fuel tank is not capable of severance without material harm to plaintiff's realty it is therefore not a good under the statutory definition.

■ As a threshold matter, the Court must determine whether the tank was "movable at the time of identification to the contract for sale." *See* RSA 382–A: 2–105(1). Courts have found that a one-million gallon water tank was a " 'movable' 'thing' 'specially manufactured,' " *Pittsburgh–Des Moines Steel Co. v. Brookhaven Manor Water Co.,* 532 F.2d 572, 580 (7th Cir.1976); that the sale of a mobile home was a transaction in goods because the home was " 'moveable at the time of sale,' " *Kline Iron and Steel Co. v. Gray Communications,* 715 F.Supp. 135, 138

(D.S.C.1989) (citation omitted); and that a television tower was governed by the UCC "since [it] would be moveable at the time of identification to the contract" notwithstanding that it would be affixed to realty. *Id.* at 138.

Here, it is apparent from plaintiff's allegations that inasmuch as the tank was installed at plaintiff's motel, the tank was "movable at the time of identification to the contract for sale" and thus falls within the statutory definition of "goods." Accordingly, RSA 382–A: 2–725(1)'s four year statute of limitation applies to Counts IV and V of the complaint. As delivery of the tank was made in October 1983, the statute of limitations governing plaintiff's breach of implied warranty claim has expired. Therefore, the defendant's motion with respect to Count IV is granted.

■ In Count V, however, plaintiff alleges that an express warranty was made to the effect that the tank would store oil for an extensive period of time. Under RSA 382–A: 2–725(2), there is an exception tolling the statute of limitations where a warranty "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance ...[.]" In such instances, "the cause of action accrues when the breach is or should have been discovered." *Id.*

---

**5.** In New Hampshire, the causes of action for implied and express warranties generally are derived from those provisions of the UCC governing contracts of sale. *See City of Manchester v. Nat'l Gypsum Co.,* 637 F.Supp. 646, 653 (D.R.I. 1986) (citing *Brescia v. Great Road Realty Trust,* 117 N.H. 154, 157, 373 A.2d 1310, 1312 (1977)); *Raymond v. Eli Lilly & Co.,* 412 F.Supp. 1392, 1403 (D.N.H.1976), *aff'd* 556 F.2d 628 (1st Cir. 1977)) (applying New Hampshire law). RSA 382–A:2–725(1) provides that the period of limitation for a breach of contract of sale is four years after the cause of action has accrued. The statute goes on to state:

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action ac-

crues when the breach is or should have been discovered.
RSA 382–A:2–725(2).

**6.** RSA 382–A: 2–105(1) defines "goods" in the following manner:
"Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action. "Goods" also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (Section 107).
The Uniform Law comments further explain that:
This Article in including within its scope "things attached to realty" adds the further test that they must be capable of severance without material harm thereto.
U.C.C. Comments § 2–105.

On the basis of the plaintiff's allegations, the Court cannot say that the plaintiff can prove no set of facts that will support a claim which will be saved by this exception. Consequently, with respect to Count V, defendant's motion is denied.

### D. Motion to Dismiss Strict Liability Claim

Finally, defendant argues that plaintiff may not recover under its Count II, *i.e.*, strict liability, since plaintiff's damages are limited to economic losses and New Hampshire law limits strict liability recovery to physical injuries. The Court disagrees with defendant's characterization of plaintiff's alleged damages.

Defendant is correct in asserting that in New Hampshire, strict liability law " 'does not apply beyond the area of physical harm caused to the user or his property.' " *Town of Hooksett School Dist. v. W.R. Grace & Co.*, 617 F.Supp. 126, 130 (D.N.H.1984) (quoting *Hydraform Products Corp. v. Lynn Products Co.*, No. C79–221–L, slip op. at 4 (D.N.H. July 15, 1980)). Consequently, if plaintiff seeks recovery for a purely economic loss, its claim must fail. *Id.* Economic loss is defined as the "diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Id.* (citation omitted).

Plaintiff alleges, however, that his injuries include contamination of soil as a result of the leak. The Court cannot say that such allegation is not an allegation of physical harm. Accordingly, defendant's motion to dismiss Count II on the basis that plaintiff has not alleged physical damages is denied.

### 3. CONCLUSION

For the reasons herein stated, defendant's motion to dismiss [document no. 6] is granted insofar as it seeks dismissal of Count IV of plaintiff's complaint. Otherwise, it is denied. Plaintiff's motion to compel production of documents [document no. 9] is herewith referred to Magistrate Judge William Barry, Jr. for further action thereon.

SO ORDERED.