(September 28, 1995)

■ Leeanne King et al., Appellants, v Eastman Kodak Company, Respondent. Eleanor Blau et al., Appellants, v 805 Middlesex Corp., Defendant, and Eastman Kodak Company, Respondent. Jacqueline Martin et al., Appellants, v Smith Corona Corporation et al., Defendants, and Eastman Kodak Company, Respondent. John O'Neil et al., Appellants, v International Business Machines Corporation et al., Defendants, and Eastman Kodak Company, Respondent. [631 NYS2d 832] —Order, Supreme Court, New York County (Stephen Crane, J.), entered June 14, 1994, which, in four consolidated actions seeking damages for repetitive stress

injuries caused by allegedly defective keyboards manufactured by defendant's wholly-owned subsidiary, granted defendant's motions for summary judgment dismissing plaintiffs' actions, unanimously affirmed, without costs.

Plaintiffs allege that they suffered severe and crippling repetitive stress injuries from using certain keyboards marketed jointly by defendant (Kodak) and its wholly-owned subsidiary (Atex) and seek to recover on theories of product liability for defective design and manufacture and failure to warn. Kodak moved to dismiss for failure to state a cause of action on the ground that it had not participated in the design, manufacture, development, testing or distribution of the products in issue and could not be held liable simply as the parent corporation of the manufacturer. In opposition, plaintiffs advanced four arguments for holding Kodak liable: that Kodak was Atex's alter ego; that Kodak was the apparent manufacturer of the keyboards; that Kodak acted in concert with Atex to produce and sell the keyboards; and that Kodak and Atex had a principal/agent relationship and Atex was acting within the scope of its authority. After converting the motion to one for summary judgment, the IAS Court properly rejected each of these theories and dismissed the actions as against Kodak.

The parties agree that Delaware law applies to plaintiffs' alter ego theory. Contrary to plaintiffs' contention, the IAS Court did not rely on outdated authority in ruling that such a claim requires a showing not only that the dominant company controlled the subservient one but also that the dominant company proximately caused plaintiffs harm through fraud or other misuse of its control (*Irwin & Leighton v Anderson Co.*, 532 A2d 983, 987-988 [Del Ch 1987]; *accord, Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142). While recent cases have, in passing, used the conjunction "or" rather than "and" when reciting this long-established test, we find that the wrongful act element has not become optional under Delaware law. Since plaintiffs make no showing that Kodak used whatever dominance it had over Atex to perpetrate a fraud or other wrong that proximately caused injury to them, this claim was properly dismissed.

Plaintiffs' claim that Kodak should be held liable as the apparent manufacturer of the keyboards (Restatement [Second] of Torts § 400; *see, e.g., Willson v Faxon, Williams & Faxon*, 208 NY 108) is also without merit, since the few references to Kodak in advertising and instructional literature are insufficient to cast doubt on the identity of the true manufacturer

of the keyboards, especially where only Atex's name appeared thereon. Further, there was no evidence that Kodak was involved in the manufacture, sale or distribution of the product (*cf.*, *e.g.*, *La Rocca v Farrington*, 301 NY 247).

Plaintiffs' claim that Kodak should be held liable under a "concerted action theory" is without merit absent an evidentiary showing that Kodak agreed with Atex to pursue a tortious plan and that the two entities then acted in tortious concert (*Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 296). We reject plaintiffs' contention that they need only have shown that Kodak "lent aid or encouragement to the wrongdoer". The extraction of this phrase from this theory's full definition (*see*, Prosser and Keeton, Torts § 46, at 323 [5th ed]) is not persuasive, especially given a parent wholly-owned subsidiary relationship that by its very nature involves "aid or encouragement" (*see*, *Pizza Mgt. v Pizza Hut*, 737 F Supp 1154, 1166 [D Kan 1990]).

Finally, plaintiffs' claim that Kodak should be held liable as Atex's principal is without merit absent an evidentiary showing that Kodak authorized the representations promoting Atex as a Kodak company (*see*, *Greene v Hellman*, 51 NY2d 197, 204).

We have considered plaintiffs' other contentions and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Rubin and Tom, JJ.