Mayes v. Black & Decker (U.S.), Inc.  CV-94-376     08/19/96 P

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


William M. Mayes;
Patricia M. Mayes


    v.                                        Civil No. 94-376-SD


Black & Decker (U.S.), Inc.


O R D E R


    This order addresses the issues raised by certain pending
motions.


1.  Defendant's First Motion in Limine to Exclude Evidence of
Emotional Distress for Psychiatric Injury, document 32

    Plaintiff Patricia M. Mayes claims the right to recover for
emotional and psychiatric injury allegedly caused by the fire
which occurred in her home on the early morning of November 24,
1991.  Claiming that expert evidence is necessary to support such
claims and that plaintiffs have failed to designate an expert
witness to testify in support thereof, the defendant moves to
exclude evidence on these issues.  The plaintiffs object.
Document 47.

It is the general rule in New Hampshire that "expert testimony is required whenever 'the matter to be determined is so distinctly related to some science, profession, business or occupation as to be beyond the ken of the average layman.'" Lemay v. Burnett, 139 N.H. 633, 635, 660 A.2d 1116, 1117 (1995) (citations and quotations omitted). And "before a plaintiff can recover damages for emotional distress pursuant to a negligence cause of action, he or she must prove that physical injury resulted therefrom." Thorpe v. State, 133 N.H. 299, 304, 575 A.2d 351, 353 (1990).

In this case, while escaping the fire, Mrs. Mayes allegedly suffered lacerations of the ankle and skinning of her knees, shin, and foot. The issue is whether she can now claim, without expert testimony, that she suffered alleged sleeplessness and other emotional disturbances. The court finds that the answer must be in the negative.

Harms of the type for which plaintiff here seeks to recover "'must be susceptible to some form of objective medical determination and proved through qualified medical witnesses.'" Duford v. Sears, Roebuck & Co., 833 F.2d 407, 413 (1st Cir. 1987) (citing and quoting Corso v. Merrill, 119 N.H. 647, 652, 406 A.2d 300, 304 (1979)).

Accordingly, the defendant's motion in limine is herewith

2

granted.


2.  Defendant's Second Motion in Limine to Exclude Evidence of
Fire Caused by Other Coffeemakers Manufactured by Defendant or
General Electric, document 33

Claiming irrelevance, immateriality, and prejudice,
defendant seeks to exclude evidence bearing on other fires
allegedly caused by its coffeemaker.  See Rules 401, 402, 403,
Fed. R. Evid.  The plaintiffs object.  Documents 44, 46.[1]

The key to admissibility of the type of evidence which
defendant here seeks to exclude lies in whether the disputed
incident or accident is substantially similar to the incident or
accident at issue.  United States Fidelity & Guaranty Co. v.
Baker Material Handling Corp., 62 F.3d 24, 27-28 (1st Cir. 1995);
Cameron v. Otto Boch Orthopedic Indus., Inc., 43 F.3d 14, 16 (1st
Cir. 1994); Four Corners Helicopters, Inc. v. Turbomeca, S.A.,
979 F.2d 1434, 1439-40 (10th Cir. 1992); Ross v. Black & Decker,
Inc., 977 F.2d 1178, 1185 (7th Cir. 1992), cert. denied, 507 U.S.
917 (1993); Exum v. General Electric Co., 819 F.2d 1158, 1162-63
(D.C. Cir. 1987).

---

[1]Document 44 is the actual objection to the motion.
Document 46 is the plaintiffs' memorandum of law in opposition to
both the second and third motions in limine filed by defendant.

That there is at least one such substantially similar incident concerning a coffeemaker manufactured by defendant is to be found in the Missouri decision of <u>Klein v. General Elec. Co.</u>, 714 S.W.2d 896 (Mo. App. 1986). If there are others of such substantial similarity, then they are, similarly, admissible.

Although the motion is accordingly herewith denied, the court will not permit plaintiff's counsel to present the jury with the full opinion in <u>Klein</u>, <u>supra</u>. There are issues contained therein which are not present in this case and which could only serve to confuse the issues and mislead the jury pursuant to Rule 403, Fed. R. Evid.

### 3. <u>Defendant's Third Motion in Limine to Exclude Testimony of Reference to Other Lawsuits Against Defendant or General Electric Alleging Fires by Coffeemakers of Defendant or General Electric, document 34</u>

This motion, to which the plaintiffs also object, documents 45, 46, is subject to the same analysis and leads to the same ruling as the ruling with respect to the defendant's second motion in limine. Accordingly, lawsuits which are based on substantially similar circumstances to that here involved will be admissible, and the defendant's motion is denied.

## 4. Defendant's Fourth Motion in Limine to Exclude Evidence of Loss in Value Due to Depreciation, document 35

By letter dated November 30, 1995, plaintiffs' counsel advised defendant's counsel that plaintiffs would not pursue any claim for the depreciation in the value of their home as alleged in paragraph 9 of their complaint. Nevertheless, plaintiffs now oppose the instant motion on the ground that, as living in the home had an emotional effect on Mrs. Mayes, the fact that the house was sold at a loss substantiates her claim for emotional distress. Document 43.

As the court has previously ruled that expert testimony which is not here available is necessary to support the claim for emotional distress, it follows that this argument must be and it is herewith rejected. The motion is accordingly granted.

## 5. Defendants' Fifth Motion in Limine to Exclude Reference to Product Recalls of Defendant's or General Electric Coffeemakers, document 36

It appears that other models of the coffeemaker at issue in this case were included in product recalls by the Consumer Product Safety Commission. Defendant accordingly claims that evidence of such recalls is not here admissible, as it would be irrelevant, immaterial, and unfairly prejudicial, and would

5

likely confuse the issues and mislead the jury. Rules 401, 402, 403, Fed. R. Evid.

Plaintiffs' objection is grounded on the fact that defendant apparently here claims that the model of the coffeemaker at issue complied with the standards of the Underwriters' Laboratory (UL) and that these recalls are therefore relevant on this issue. Document 52. The court concurs with plaintiffs, finding that the recalls are relevant and material on such issue, and accordingly the motion is herewith denied.

6. Defendant's Sixth Motion in Limine to Exclude Evidence or Reference to "Prime Time Live" Coffeemaker Investigative Report, document 37

It appears that in October 1991 the ABC television network published a television report to the effect that certain General Electric coffeemakers had caused fires resulting in property damage, personal injury, and death. The model of the coffeemaker here involved is not the same as that which was the subject of this report.

Plaintiffs' objection is to the effect that, while some of the broadcast might be considered unfairly prejudicial, complete exclusion would be inappropriate, as they intend to use the broadcast as a chalk to assist their experts in testifying.

6

Document 42.

Only too recently, another television network was forced to confess its use of explosive devices in a depiction of an alleged defect in a motor vehicle. The court has reason to distrust reports of this type without thorough exposition of the manner in which made, the parties who participated therein, and whether any alteration of devices was at issue. In short, the court does not find broadcast reports of this type, denoted "investigative" or otherwise, to be reliable and trustworthy, and, accordingly, the motion is granted and plaintiffs are denied use of this television report.

## 7. Defendant's Motion to Dismiss Counts III and IV of the Complaint, document 40

Evoking the four-year statutory limitation of the New Hampshire Uniform Commercial Code, Revised Statutes Annotated (RSA) 382-A:2-725(1), defendant moves to dismiss Counts III and IV of the complaint. Plaintiffs object, document 55.

Count III of the consolidated complaint seeks to recover for breach of implied warranties, and Count IV, grounded on the Magnuson-Moss Federal Trade Commission Improvement Act, 15 U.S.C. § 2301, et seq., also seeks to recover on breach of implied warranties.

7

RSA 382-A:2-725(1) requires that actions "for breach of any contract for sale must be commenced within four years after the cause of action has accrued." And subsection (2) of the same statute sets forth accrual of a cause of action as of the date when "the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . . ."

Plaintiffs concede they are barred from recovery under Count III, but now claim, for the first time, the breach of a purported express warranty extended by defendant on the coffeemaker. Were such claim actually pleaded in this case, then plaintiffs might be able to support such argument, for RSA 382-A:2-725(2) extends the statutory limitation where there is a warranty which "explicitly extends to future performance of the goods," holding that in such instance "the cause of action accrues when the breach is or should have been discovered." See Tourist Village Motel, Inc. v. Massachusetts Eng'g Co., Inc., 801 F. Supp. 903, 906 (D.N.H. 1992) (Stahl, J.); Lowe v. Volkswagen of America, Inc., 879 F. Supp. 28, 30 (E.D. Pa. 1995).

However, as the express warranty here relied on by plaintiffs has not been timely pled and is not in this picture, the motion must be granted as to both Counts III and IV of the

8

complaint.[2]

8.  Conclusion

For the reasons set forth hereinabove, the court has granted defendant's motions to exclude evidence of emotional disturbance, document 32; to exclude evidence of loss in value due to depreciation, document 35; to exclude evidence of the "Prime Time Live" television report, document 37; and the defendant's motion to dismiss Counts III and IV of the consolidated complaint, document 40.  The court has denied the defendant's motion to exclude evidence of fires caused by other coffeemakers, document 33; defendant's motion to exclude testimony or reference to other lawsuits (with exception that the court will not allow introduction of the full Klein decision, supra), document 34; and defendant's motion to exclude reference to product recalls, document 36.

---

[2]Defendant filed a request for leave to reply to the plaintiffs' objection to defendant's motion to dismiss Counts III and IV.  Document 57.  This motion is herewith granted, and the court has considered the arguments raised in the attached reply.

9

The case is now in order to go forward, the jury having been selected, as soon as the case ahead of it is concluded.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

August 19, 1996

cc:  All Counsel

10